WILLIAM R. TILLINGHAST, *Exr. vs.* COUNCIL AT NARRA-
GANSETT PIER, R. I. OF THE BOY SCOUTS OF AMERICA
*et al.*

JUNE 18, 1926.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Wills.   Charitable Trusts.*

Gift to "the council at Narragansett Pier, R. I. of the Boy Scouts of America,
to be used under the supervision of the proper officials of that organization
to aid in carrying on its work and effecting its admirable purposes".

At the time of execution of the will and thereafter during life of testatrix there
was no organization in existence under such name, but at date of will and
since that time there existed at the place named, a voluntary organization
known as "Veteran Troop No 1 of Narragansett Pier R I of the Boy Scouts
of America" recognized by the national organization of Boy Scouts of
America and by the body which supervised Boy Scouts activities in this
State as the only organization carrying on Boy Scout work at the place
named, and there had been at date of will and since that time no other
organization of Boy Scouts at place named.

It appeared in evidence that testatrix knew of Veteran Troop, No. 1, and had
contributed to its support.

*Held,* that testatrix intended to make the gift for the support of the work of
Veteran Troop, No. 1, and the gift would be treated as though such body
had been correctly designated.

*Held,* further that the Boy Scout movement constituted a charitable object,
and although testatrix did not employ the words "trust" or "trustee," the
gift would be construed as one for charitable uses.

*Held,* further, that the organization as a voluntary unincorporated association
was legally incapable of receiving and administering the gift but equity
would appoint a trustee to take the property and carry out intent of donor.

*(2)   Wills.   Misnomer of Legatee.*

Misnomer of a legatee is immaterial if the person intended can be identified
by the description in the will.

BILL IN EQUITY for construction of will.  Certified under
statute for determination.

SWEETLAND, C. J.   This is a bill in equity asking for a
construction of the will of Avice Borda, deceased, late of the
town of Narragansett and for instructions relative thereto.
In accordance with the provisions of the statute the cause
has been certified to this court for determination.

The will was executed March 1, 1917. The testatrix died March 7, 1923. The provisions of the will with reference to which instruction is sought reads as follows: "7. I give and bequeath the sum of fifty thousand dollars ($50,000) to the council at Narragansett Pier, Rhode Island, of the Boy Scouts of America, to be used under the supervision of the proper officials of that organization to aid the carrying on its work and effecting its admirable purposes."

It is alleged in the bill and admitted in the answers of the several respondents that at the time of the execution of the will and thereafter during the life of the testatrix there was no organization in existence under the name of the "Council at Narragansett Pier, Rhode Island, of the Boy Scouts of America," but that at the date of the will and since that time there has existed at Narragansett Pier a voluntary organization known as "Veteran Troop No. 1 of Narragansett Pier, Rhode Island, of the Boy Scouts of America," which organization we will hereafter refer to as Veteran Troop No. 1; that there has been no other organization of Boy Scouts at Narragansett Pier during that period, and that Veteran Troop No. 1 has been recognized by the national organization of Boy Scouts of America, and by the Greater Providence Council of the Boy Scouts of America, which latter body supervises Boy Scout activities in this State, as the only organization carrying on Boy Scout work at Narragansett Pier.

The respondents named in the bill are said voluntary association under the name of Veteran Troop No. 1, the trustees under the trust created in the will to administer the residuary estate of the testatrix, the beneficiaries under that trust, the Rhode Island Boy Scouts a corporation organized under the laws of Rhode Island, the Attorney General representing the State of Rhode Island, and a corporation organized in accordance with the laws of this State, since the death of the testatrix, under the name of the Council at Narragansett Pier, Rhode Island, of the Boy Scouts of America, for the purpose, among others, of

receiving and administering the bequest in the seventh clause of the will.

In its answer the respondent trustee of the residuary estate submits its interests to the care of the court, as does the respondent Lolita C. Hart, one of the beneficiaries under said trust. The other beneficiaries under the residuary trust set up in their several answers that the gift which the testatrix attempted to make in the seventh clause of the will is void, invalid, has lapsed and fallen into the residuary trust estate. All of the other respondents claim in their several answers that the bequest in the seventh clause of the will is a valid gift to charitable uses, and that the court should now appoint a trustee to receive said gift and to administer it in accordance with the intention of the testatrix.

We find from circumstances which appear in evidence that the testatrix knew of the existence of Veteran Troop No. 1 that she had shown an interest in its work and had contributed to its support. In making the gift to the "Council at Narragansett Pier" she was in error as to the name of the organization, which she knew, whose work she approved, and whose activities she wished to aid. We find that the testatrix intended to make the gift in question for the support of the Boy Scout work of Veteran Troop No. 1 and we shall treat the gift as though said Veteran Troop No. 1 had been correctly designated by the testatrix. It is well settled that the misnomer of a legatee is immaterial if the person intended can be identified by the description in the will. *Guild* v. *Allen*, 28 R. I. 430; *Peard* v. *Vose*, 19 R. I. 654.

We find that the Boy Scout Movement, so-called, constitutes a charitable object. This object is systematically and intelligently furthered by a national organization chartered by Congress under the name of the Boy Scouts of America. Of this organization Veteran Troop No. 1 is a component member, the sole representative of Boy Scout activities at Narragansett Pier. Veteran Troop No. 1 is actively engaged in advancing the work of Boy Scouts in

supplying an education for boys in the town of Narragansett which shall supplement the education of the schools. The purpose of Veteran Troop No. 1 was stated by the witness Mr. J. Harold Williams, the chief scout executive in Rhode Island, as follows: "The main object, the purpose of the troop is to train boys in citizenship, character and leader ship." It is not disputed that this educational purpose of the troop is being effectively pursued under the general supervision of the Greater Providence Council, a body in Rhode Island subsidiary to the Boy Scouts of America. This is also the result of the investigations of the Attorney General, Mr. Sisson, as stated in his answer. The purpose of the national organization and its subordinate bodies is set forth in its charter as the promotion of "the ability of boys to do things for themselves and others, to train them in scout craft and to teach them patriotism, courage, self-reliance and kindred virtues using the methods which are now in common use by boy scouts". By her gift of $50,000 the testatrix desired to aid this charitable object for the benefit of the boys of Narragansett and vicinity, through the agency of Veteran Troop No. 1, with which she was acquainted but as to the name of which she was slightly in error.

The testatrix clearly did not intend a gift to the individual members of Veteran Troop No. 1 as is urged by some of the respondents. Her gift was to the troop as an organiztion, to be used "to aid the carrying on its work and effecting its admirable purposes," for the education of those who were the beneficiaries of that work and those purposes, viz., the boys of Narragansett and vicinity. Although the testatrix did not employ the words "trust" or "trustee" in connection with the bequest we find no difficulty in construing the gift to be one for charitable uses, perfectly capable of execution and to be administered for a definite class of beneficiaries, the membership of which is changing from time to time, a circumstance which is a characteristic of gifts for charitable uses.

Veteran Troop No. 1, as a voluntary unincorporated association, is legally incapable of receiving and administering this gift under the decisions of this court. *Wood* v. *Fourth Baptist Church*, 26 R. I. 594; *Guild* v. *Allen*, 28 R. I. 430, but "equity will not allow an otherwise valid charitable trust to fail for want of a competent trustee but will appoint one to take the trust property and carry out the charitable intent of the donor". *Wood* v. *Fourth Baptist Church*, 26 R. I. 594; *Guild* v. *Allen*, 28 R. I. 430.

Our construction of the clause of the will in question is that the testatrix intended to make a gift of $50,000 to be held for the charitable purpose of aiding the physical, mental and moral education of the boys of Narragansett Pier and vicinity in accordance with the program of activities established by the Boy Scouts of America; that it was her intention that the gift should be administered by Veteran Troop No. 1 and that she employed the title "Council" as a misnomer for "Veteran Troop No. 1". Because Veteran Troop No. 1 is a voluntary unincorporated association it can not receive and hold the gift on charitable trust. We will not permit the gift to fail but will appoint a trustee who is capable of holding the fund and carrying out the intention of the testatrix.

The court has examined that portion of the record which relates to the incorporation, since the death of Mrs. Borda, of the respondent "Council at Narragansett Pier, R. I. of the Boy Scouts of America," and have considered the question as to the suitability of that corporation to receive and administer the charitable gift in question. We have not reached a definite conclusion on the matter, which was not sufficiently discussed at the hearing upon the main issues involved in the cause. On June 22, 1926, we will hear the parties further upon the request of this respondent corporation that the gift be paid to it. That the parties may be informed of the questions which have arisen in our consideration of this portion of the case we will say that the court is somewhat in doubt as to whether the by-laws and the

indenture of trust set out in the answer of this respondent do not present a method of administration much too cumbersome and involved to be approved. As the duty of providing for the prudent administration of this charitable gift is now upon the court we would suggest the advisability of directing that the principal of the gift be paid to the Rhode Island Hospital Trust Company ·as trustee; that the annual income of this fund be paid by said trustee to the respondent corporation, The Council at Narragansett Pier, to be used by it for the benefit of Boy Scout activities at Narragansett Pier and vicinity; but that no portion of the principal of the fund be turned over to said Council for such use until after application to the Superior Court sitting in Providence, and then only upon the decree of that court adjudging such expenditure of the principal of the gift to be advisable.

*Tillinghast & Collins*, for complainants.

*Hinckley, Allen, Tillinghast & Phillips, Rush Sturges, Clifford A. Kingsley, Roger T. Clapp*, for Boy Scouts, &c.

*Edwards & Angell, Walter A. Edwards, Gurney Edwards*, for respondents Hart.

*Herbert A. Rice*, for respondents Stiness.