[L. A. No. 12001.   In Bank.—March 31, 1932.]

In the Matter of the Estate of WILLIAM M. McDOLE, Deceased.   W. R. BARNES, as Executor, etc., et al., Respondents, v. E. A. RESER et al., Appellants.

Will R. King, Cary M. Rader and Head, Wellington & Jacobs for Appellants.

R. Y. Williams, Charles D. Swanner and Roland Thompson for Respondents.

SEAWELL, J.—Appeal from a decree of distribution. By his last will and testament the decedent, William M. Mc-

Dole, bequeathed the residue of his estate to "the Stubble-field Home for the Aged, at Walla Walla, Washington". Upon objections filed to the executor's petition for distribution by decedent's three brothers, his sister and three nieces, who, with a brother of decedent not joining in the objections, are his heirs at law, the court found, in their favor, that said provision was invalid for the reason that the Stubblefield Home for the Aged was not a "person, corporation or society authorized by the laws of the state of California to take a gift by will".

A home for aged women and indigent children known as the Stubblefield Home is maintained at Walla Walla, Washington, by three trustees to whom one Joseph L. Stubble-field, in 1902, bequeathed the residue of his estate "for the establishment, maintenance and support of a home for fatherless or motherless and indigent children, residents of the state of Oregon and Washington and worthy elderly indigent widows, residents of Oregon and Washington, and to their maintenance and to the giving of a common school education and the teaching of some useful trade or occupation to the children inmates thereof".

It is the contention of appellants herein, who are the trustees of said Stubblefield trust, that the provision in the will of William McDole now before us may be construed as a devise to said trustees to be held and administered by them for the benefit of the charitable institution known as the Stubblefield Home. We are in accord with this contention.

William McDole, a resident of the county of Orange, this state, died on March 25, 1925, at the age of seventy-three years, leaving property in this state valued at between $30,000 and $40,000. By his will, executed on November 21, 1922, he bequeathed $2,000 to his only sister, the sum of $75 a month to his brother Henry for the term of his life, and $1 to each of his three other brothers, and to the heirs of a predeceased brother, $1. The residuary clause, now before us for construction, reads as follows: "I hereby will and bequeath all the rest and remainder of my estate to the Stubblefield Home for the Aged, at Walla Walla, Washington." By a codicil, executed on March 18, 1925, seven days before his death, he bequeathed his household goods and furniture and his automobile to his sister. Otherwise the codicil made no change in the terms of the will. Decedent

left no spouse, child, grandchild or parent surviving him. Therefore, by will executed at least six months prior to his death, he could validly dispose of his entire estate to charity. (Sec. 1313, Civ. Code; now secs. 40–43, Probate Code.)

█ The provision in the will before us was not rendered invalid by said codicil, executed seven days before the testator's death, which did not in any manner change the terms of decedent's will as to the bequest to charity, nor enlarge the portion of his estate subject to said provision for charity. It is a fact that the effect. of the bequest made in the codicil was to cut down slightly the residue available for the charity named, but that did not invalidate the bequest made to charity. (*Estate of McCauley,* 138 Cal. 432 [71 Pac. 512]; *Estate of Pence,* 117 Cal. App. 323 [4 Pac. (2d) 202].)

█ It is conceded by the heirs of William McDole that a gift to the home or the inmates thereof could be effected by a devise to the trustees named in the will of Joseph Stubblefield. They alleged: ''The only manner in which said William M. McDole, deceased, could have devised or bequeathed his estate by last will and testament to said Stubblefield Home, would be by devising and bequeathing the same to the said ·trustees under the last will and testament of Joseph L. Stubblefield, deceased.'' It is their contention that a devise to the ''Stubblefield Home'', where no words of trust or other restriction or limitation are used, cannot be construed as a devise to said trustees, without doing violence to the express language of the will. In consequence the devise must fail since there is no entity bearing said name which can hold title to real property. This question of construction presents the main problem of the case.

William McDole formerly resided near Walla Walla, Washington, according to a statement in appellants' brief. That he had said home in mind when he drew his will there can be no doubt, and the court so found. This court expressly held in *Estate of Upham,* 127 Cal. 90 [59 Pac. 315, 316], that an unincorporated orphans' home may be the beneficiary of a trust for charitable uses. In that case the bequest was as follows: ''I give and bequeath to the legally qualified and constituted trustees or managers of the Good Templars' Orphans' Home of Vallejo, said county of Solano, in trust for the use and benefit of the orphan children of said institution, any residue and remainder of my estate.''

This court said: "It must be remembered that charities— both as to the trustees and beneficiaries—are more liberally construed than are gifts to individuals. (See 2 Story's Equity Jurisprudence, secs. 1165–67 et seq.) That the gift here was for charity is beyond question. It was shown by the evidence—which was properly admitted, under section 1340, Civil Code—that the Good Templars' Orphans' Home at Vallejo had been in existence for a great many years, that its purpose was to take care of orphan children, that it accommodated about two hundred of such children, and that about that number were usually and continuously maintained there. To sustain the proposition that this constitutes a 'charity' within the legal meaning of the word no further authority is necessary than that of *People* v. *Cogswell*, 113 Cal. 129 [35 L. R. A. 269, 45 Pac. 270]; but the truth of the proposition is further illustrated by the numerous cases referred to in the opinion of the Supreme Court of the United States in *Russell* v. *Allen*, 107 U. S. 163 [27 L. Ed. 397, 2 Sup. Ct. Rep. 327]." The same reasoning is obviously applicable to a home which receives elderly indigent widows as well as orphan children. A gift to a charitable home is a gift for the benefit of the inmates thereof.

We find no difficulty in upholding the validity of the devise in the case herein, although words of trust are not used as in the Upham case. Concerning that case, this court said in *Estate of Winchester*, 133 Cal. 271, 277 [54 L. R. A. 281, 65 Pac. 475, 477]: "The fact that in that case [*Estate of Upham*] the bequest was to the trustees of the Orphans' Home, and not directly to the Orphans' Home, makes no difference. In either case the intention would be the same, and the capacity to take would be the same." We are in accord with this reasoning. Upon proof establishing the fact that the Stubblefield Home is not an entity capable of holding title to real property, but the name of an established charitable institution, it becomes apparent that the Stubblefield Home is not a devisee required to hold title directly, but the beneficiary of a gift to a charitable use.

The policy of equity to favor charitable gifts is exemplified in the rule that equity will not permit a trust to fail for want of a trustee. (*Estate of Winchester*, 133 Cal. 271, 274 [54 L. R. A. 281, 65 Pac. 475]; *Estate of Upham*, 127 Cal. 90 [59 Pac. 315]; *Tillinghast* v. *Council at Narragansett*

*Pier*, 47 R. I. 406 [46 A. L. R. 823, 133 Atl. 662].) In such cases equity will appoint a trustee. In the case herein it is not necessary for a court of equity to go to this extent to carry out the plain intent of the testator to make a gift to the Stubblefield Home. This may be done by vesting title to the property which is the subject of the gift in those trustees who hold title to the physical property of the home. The devise to the Stubblefield Home is in legâl effect a devise to the trustees by whom said home is maintained.

The dominant intent of the testator was to benefit the inmates of the Stubblefield Home. The respondent heirs ask us to infer an intent to make a gift to the Stubblefield Home only in the event that it was an entity capable of holding title, because the form of language used would be equally appropriate to make a devise to a corporation or society bearing that name had one existed. The word "trust" may be omitted from the instrument creating the charity. (*Tillinghast* v. *Council at Narragansett Pier*, 47 R. I. 406 [46 A. L. R. 823, 133 Atl. 662]; *Dickenson* v. *Anna*, 310 Ill. 222 [30 A. L. R. 587, 141 N. E. 754]; *Estate of Winchester*, 133 Cal. 271, 277 [54 L. R. A. 281, 65 Pac. 475].)

There are numerous instances where homes maintained by charitable corporations do not bear the exact name of the corporation holding title to the physical properties of the home. Incorporated lodges and fraternal organizations of nation-wide membership maintain homes for aged and indigent members at various places throughout the territory where lodges or chapters exist. Applying the rule for which respondent heirs contend, it would be necessary to hold that a bequest to the fraternal home at a certain place would fail because the corporate entity which maintained the home and held title to the property upon which it was operated did not include in its title either the word "home", or the name of the town where the particular home was located.

*Estate of Doane*, 190 Cal. 412 [213 Pac. 53], is not in conflict with the decision here made. In that case the testator devised the residue of his estate to the "National Bank and Trust Company of Pasadena, a National Banking Association". We there held that to admit evidence *aliunde* the will, consisting of written directions to the bank that it should hold upon certain charitable trusts, would violate the rule that a will cannot be varied by an instrument not re-

ferred to therein. The bank, a business corporation, was incapable of receiving property by will except as a trustee (sec. 1313, Civ. Code), and the court therefore held that the devise failed. In the Doane case the "National Bank and Trust Company of Pasadena" was the name of a business corporation, which under written directions not a part of the will was to act as trustee, and there was no indication in the will of the charitable objects to which the devise was to be applied. In the case herein, the Stubblefield Home is the designation of a charitable institution which is the beneficiary of a gift.

Respondents also argue that if the provision be interpreted as a devise to the trustees of the Stubblefield Home, it must nevertheless fail because no specification is made of the trusts upon which the property is to be held. *Estate of Upham, supra,* to which reference has heretofore been made, is also authority against respondents on this proposition. In that case the devise was "in trust for the use and benefit of the orphan children" of the Good Templars' Orphans' Home at Vallejo. A devise to a society or corporation organized for a charitable purpose without further declaration of the use to which the gift is to be put, is given in trust to carry out the objects for which the organization was created. (*Estate of Winchester,* 133 Cal. 271, 277 [54 L. R. A. 281, 65 Pac. 475]; *Dickenson* v. *Anna,* 310 Ill. 222 [30 A. L. R. 587, 141 N. E. 754]; *Rhode Island Hospital Trust Co.* v. *Williams,* 50 R. I. 385 [74 A. L. R. 664, 148 Atl. 189]; 2 Perry on Trusts, 7th ed., p. 1258.) Similarly a devise to trustees who maintain a home for orphan children and indigent widows is upon trust to apply the property for the maintenance and care of those persons who reside in the home.

It is of the essence of a charity that the beneficiaries are indefinite, the class only being indicated. It is a frequent characteristic of charitable trusts that the manner in which the trust is to be carried out is not declared. "If the founder describes the general nature of the charitable trust, he may leave the details of its administration to be settled by trustees under the superintendence of a court of chancery." (*Estate of Upham,* 127 Cal. 90, 95 [59 Pac. 315, 317].) Although the trustees under the will of Joseph L.

Stubblefield are given broad discretionary powers, they nevertheless remain subject to a court of equity, which will secure a proper administration of the trust both as to the original trust property and that received under the will of the testator herein.

That the institution which the testator refers to as the "Stubblefield Home for the Aged", also receives and rears and educates children, and is also known as the Stubblefield Home for Children, Stubblefield Home for Orphans and Aged, and Stubblefield Home for Old Women, does not invalidate the gift, it being apparent that he could have intended no other institution, and that he must have been familiar with the nature and purposes of said institution.

Nor are we concerned in this proceeding with the fact that the will of Joseph L. Stubblefield, under which appellant trustees are acting, was a nonintervention will not recognized as valid in this state, or with other questions as to the procedure followed by the executors of the Stubblefield will, who were also the trustees named to found the home. In *Rader* v. *Stubblefield*, 43 Wash. 334 [10 Ann. Cas. 20, 86 Pac. 560], wherein an injunction was granted upon application of said trustees to restrain the widow of Stubblefield from instituting probate proceedings in the state of Oregon after the trustees and executors had brought proceedings in both Washington and Oregon, the Supreme Court of Washington as one of the grounds of its decision sustained the validity of the trust. The evidence shows that the said trustees have continuously since 1904 maintained a home at Walla Walla, Washington, with property derived from the estate of Stubblefield. We find nothing in the evidence in the case herein, nor in the proceeding reported in *Rader* v. *Stubblefield, supra,* which would indicate any public policy to be served by withholding the gift from said trustees.

We may say in this case, as the court said in the concluding paragraph of its opinion in *Estate of Upham,* 127 Cal. 90, 98 [59 Pac. 315, 318]: "We do not see how the disputed clauses of the will, which we hold to be good, can be overthrown without wrongfully applying to a charity those strict and technical rules which can be rightfully invoked only as against private trusts."

The decree appealed from is reversed with directions to the court below to distribute the residue of the estate of

William M. McDole, deceased, to said trustees of the Stubblefield trust.

It is so ordered.

Langdon, J., Preston, J., Curtis, J., Shenk, J., and Waste, C. J., concurred.