[L. A. No. 16399. In Bank.—May 31, 1938.]

In the Matter of the Estate of WILLIAM W. WALLACE, Deceased. ELLEN RUTH O'MARA et al., Appellants, v. THE FARMERS AND MERCHANTS NATIONAL BANK OF LOS ANGELES et al., Respondents.

Meserve, Mumper, Hughes & Robertson and Roy L. Herndon for Appellants.

Eckman & Lindstrom and Morton L. Barker for Respondents.

WASTE, C. J.—The final decree of distribution entered in decedent's estate followed closely the provisions of his will concerning the creation of a trust and the payment by the trustee of the net income from the trust property to decedent's widow and two daughters, and further provided: "Upon the death or remarriage of said widow, the said trust shall terminate and said trustee *shall distribute* (italics added) the balance remaining in said trust fund to the two above-named daughters of decedent, in equal proportions, share and share alike." Margaret O'Mara, one of the daughters, predeceased the widow, and there was distributed to the Farmers and Merchants Bank, as trustee, the entire residue, to pay $50 a month to the widow of Wallace, a second wife, and any excess of $50 to be paid to his daughters by a former marriage, Jessie W. Buchanan and Margaret W. O'Mara, and, in the event of the death or remarriage of the widow, then the trustee should turn over the balance remaining to these two daughters. The question for determination is

whether the daughters, under the decree of distribution of the father's estate, acquired contingent or vested remainders in the trust property. Both the trial court and the District Court of Appeal held that they were contingent remainders, the effect of which, obviously, is intestacy as to one-half of the trust property because of the lapsing of one daughter's interest in the remainder by reason of her death prior to the termination of the trust.

A construction favorable to testacy should obtain where the language used reasonably admits of such construction. (*Estate of Dunphy*, 147 Cal. 95–99 [81 Pac. 315]; *Estate of Ingram*, 104 Cal. App. 1–8 [285 Pac. 365].) In support of the contention that a contingent remainder only was created in the daughters, it is argued that to create a vested remainder it is necessary that there be a present conveyance of a future estate to the beneficiary; that the language employed in the decree of distribution here involved (which varies slightly from but is now controlling of the language of the will) (*Keating* v. *Smith*, 154 Cal. 186 [97 Pac. 300]), required independent action on the part of the trustee before title passed to the beneficiaries and that it contains no language giving to the daughters a present vested interest in the *corpus* of the estate.

The question presented is one of construction and turns principally upon the meaning of the words "shall distribute" appearing in the decree of distribution. The District Court of Appeal construed these words to be the equivalent of "to transfer and convey" and "shall deliver", appearing in cited cases, and held no vested estate in remainder was created. On the other hand, the words "shall distribute", employed in the present case, may reasonably be interpreted to mean that upon the death of decedent's widow the trustee shall distribute or deliver *possession* of the trust *res* in which the decedent's daughters already had a vested remainder. In construing the word "distribute" in *Estate of Dunphy, supra,* as used by the testator in that case, we stated: "There is no direction whatever to the trustees to convey the property to the remaindermen and no direction to them at all upon that subject. There is nothing in the language used (as there was in the will of Fair) which necessarily means that title could pass only by a conveyance by the trustees, or which embarrasses the court in upholding the

will by construing the language as constituting valid devises and not an invalid trust to convey. In each of the three cases, in the latter part of the language, clear words of direct devise —'go to'—are used; and to support appellant's contention it must be rigidly held that prior words—in two instances 'shall be transferred and distributed', and in the other 'shall be paid'—necessarily mean that the title to the property could pass only by the trustees' conveyance. The word 'distributed' is not a technical word in conveyancing and is not usually found in deeds. If it have any legal technical meaning, it has such meaning with reference to decrees of distribution in probate courts. The use of this word, therefore, contains no intimation of an intent to create a trust to convey, or that the testator supposed that a conveyance by the trustees was necessary to pass title. Neither does the word 'transfer' necessarily mean a passing of the title to land by a trustees' conveyance, and it would not have that meaning even if there had been a direction to the trustees to transfer. And the words 'shall be paid', while inapt as applied to real property, simply mean, unless we are to defeat the testator's will by holding them to have no meaning, that the property is devised to the remaindermen. There is nothing in them implying a conveyance of the title by the trustees. The contention of appellant that because the property is devised in the first instance in trust to trustees, therefore it could be 'distributed' or 'transferred', or 'paid' only by a conveyance executed by them, and that therefore the will must necessarily be construed as an invalid trust to convey, is not maintainable. A trustee takes only such estate as is necessary for the performance of his trust, and it terminates when the trust ends. Of course, as the trustees would be in possession of the property at the time of the death of any one of the persons named, they would have to transfer it by delivering possession thereof to the remaindermen.'' (147 Cal. 100, 101.)

In that case the court again said: ''It is a fundamental principle that a construction of a will favorable to testacy will always obtain when the language used reasonably admits of such construction.'' Such a construction here would appear to be in line with the Restatement of the Law of Property (sec. 157, comment h, p. 548), where it is stated that ''when an otherwise effective conveyance of either land or a thing other than land creates one or more prior interests, the maxi-

mum duration of which is measured by lives, or by years, or by a combination of lives and years, and then provides, in substance, that upon the expiration of such prior limited interests, the ownership in fee simple absolute of the land, or the corresponding interest in the thing other than land, shall belong to a person who is presently identifiable, such person has an indefeasibly *vested* remainder.''

The above discussion covers the present case. Here, by the decree of distribution there was created a prior interest in the trustee, measured by the widow's life for a period of years terminating with her remarriage, for the purpose of paying over the income as designated, and upon the expiration of such prior limited interest, the absolute ownership was to pass to then identifiable persons (testator's two daughters); hence each daughter, under the decree of distribution, by the application of the above stated rule and illustration, acquired an indefeasible *vested remainder* which did not lapse upon the death of either daughter prior to the expiration or termination of the prior limited estate in the trustee.

Moreover, the suggested result would seem to be more in harmony with the testator's desire and intention. Instead of dying intestate as to one-half the trust property, such one-half devolved upon the heirs (children in this case) of the daughter who died before the termination of the prior limited interest in the trustee.

The judgment is reversed.

Langdon, J., Curtis, J., Houser, J., and Seawell, J., concurred.

Rehearing denied.