131 Cal.App.2d 666 (1955)
Estate of HUGH FRANCIS HERBERT, Deceased. EDWARD F. HERBERT, Appellant,
v.
MOTION PICTURE RELIEF FUND, INC. (a Corporation), Respondent.
Civ. No. 20688. 
California Court of Appeals. Second Dist., Div. One. 
Mar. 21, 1955.
 Frederick W. Mahl, Jr., for Appellant.
 Alpern & Vallier and Robert Vallier for Respondent.
 WHITE, P. J.
 This is an appeal from a judgment of the Superior Court of Los Angeles County upon a petition *667 filed by appellant to determine the persons to whom distribution should be made. The case comes to us upon an agreed statement of facts which reflects that on February 27, 1950, testator made a will bequeathing $10,000 in cash to one Rose Epstein Herbert, and the remainder of his estate to respondent Motion Picture Relief Fund, Inc., a charitable corporation.
 On February 18, 1952, testator executed a codicil bequeathing the contents of a safe deposit box to one Tom Flynn. At the time of decedent's demise, the value of the estate was in the sum of $163,242.31, and included in said value was the contents of the safe deposit box in the sum of $8,500 in cash, which is 10 per cent of the entire net distributable estate.
 Less than 30 days after executing the said codicil, and on March 12, 1952, testator died. Thereafter, on April 25, 1952, the court below made its order admitting the will and said codicil to probate "as the Last Will and Testament of said Deceased."
 The testator left as his heirs at law and next of kin the appellant, Edward F. Herbert, who is a brother of decedent, and Grace Van Schyndel, who is a niece of the decedent, neither of whom were mentioned or specifically referred to in the above-mentioned will or codicil.
 Judgment was rendered that respondent Motion Picture Relief Fund, Inc., is entitled to distribution of the full balance of the net distributable estate, pursuant to the foregoing will and codicil, and that appellant Edward F. Herbert and Grace Van Schyndel are entitled to no distributive share in said estate. This appeal is from the judgment.
 Appellant's contention on appeal is thus stated by him:
 "It is the position of the Appellant that the Codicil of February 18, 1952, republished the Will of February 27, 1950; that the legal effect of such republication is that the Will and the Codicil are to be regarded as a single instrument executed as of the date of the Codicil; that the testamentary disposition to the charity, having thus been made within 30 days of the Testator's death, falls within the restrictions of Section 41 of the Probate Code with the result that the charity is not entitled to distribution but, rather, that distribution of the residual estate must be made to the heirs at law and next of kin pursuant to Section 225 of the Probate Code."
 While the efforts of respective counsel and research by *668 us have not been rewarded with the discovery of any case in which the precise point here involved has been squarely decided in this state, we are persuaded that a logical approach to the problem and reference to California cases discussing the principle involved, lead to the conclusion that the judgment must be affirmed.
 Section 25 of the Probate Code provides: "The execution of a codicil referring to a previous Will has the effect to republish the Will as modified by the codicil." (Emphasis added.)
 [1] We are persuaded, however, from a review of the cases having to do with the principle now engaging our attention, that bequests made in a will should not be set aside or disturbed by a codicil unless absolutely necessary in order to give effect to the codicil, and that a doubtful expression or inconsistent disposition in a codicil will not serve to revoke a clear disposition made by the will. Nowhere in the record before us can it reasonably be discerned that the codicil in question was intended to disturb the bequest made in the original will to the charitable fund. [2] Section 25 of the Probate Code should be so construed as to carry out, if possible in reason to do so, the intention of the testator. We are asked by appellant to give a construction to the codicil that would destroy the charitable bequest and thus thwart the evident testamentary design of the testator. The codicil did not in any manner change the terms of decedent's will as to the bequest to the charitable fund, nor enlarge the portion of his estate subject to the provision for charity. In fact, the effect of the bequest made in the codicil operated to cut down slightly the residue available for the charitable fund, but did not, in our opinion, invalidate the bequest made to charity (Estate of McCauley, 138 Cal. 432, 434, 435, 436, 437 [71 P. 512]; Estate of Pence, 117 Cal.App. 323, 330 [4 P.2d 202]; Estate of McDole, 215 Cal. 328, 331 [10 P.2d 75].)
 [3] From the foregoing we conclude that the residual bequest to respondent charity in the original will of decedent, dated February 27, 1950, was not republished by the codicil later executed by testator on February 18, 1952, within 30 days of the latter's death. The bequest in the original will to respondent charity was executed more than six months prior to testator's death, and by reason of the provisions of Probate Code, section 43, said bequest is valid against the *669 claims of the surviving niece and appellant, the surviving brother of the testator.
 The judgment is affirmed.
 Doran, J., and Drapeau, J., concurred.