[Civ. No. 35916. Second Dist., Div. Four. Dec. 31, 1970.]

Estate of FRANK HERBERT MacPHERSON, Deceased.
FIRST WESTERN BANK AND TRUST COMPANY, as Trustee, etc.,
Petitioner and Respondent, v.
KENNETH MacPHERSON, Objector and Appellant;
BOYS REPUBLIC et al., Claimants and Respondents.

In re VOORHIS SCHOOL FOR BOYS in Dissolution.
THOMAS C. LYNCH, as Attorney General, etc.,
Petitioner and Respondent, v.
FIRST WESTERN BANK AND TRUST COMPANY, as Trustee, etc.,
Defendant and Respondent;
TRUSTEES OF CALIFORNIA STATE COLLEGES et al.,
Claimants and Respondents;
KENNETH MacPHERSON, Claimant and Appellant.

(Consolidated Cases.)

## COUNSEL

Barrick, Poole & Olson and John H. Poole for Objector and Appellant and for Claimant and Appellant.

Thomas C. Lynch, Attorney General, Carl Boronkay, Deputy Attorney General, Boyle, Atwill & Stearns, Edward O. Robinson, Norman L. Epstein, Richard J. Sensenbrenner, Gibson, Dunn & Crutcher, F. Lee Coulter, Jr., Gary D. Stabile, Eilers, Loewe, Baranger & Myers and Walter R. Baranger for Petitioners and Respondents, Claimants and Respondents and Defendant and Respondent.

## OPINION

**FILES, P. J.**—This is an appeal from a portion of a decree disposing of assets of a dissolved charitable corporation, and from an order instructing a trustee regarding final distribution of the corpus of a testamentary trust. The two cases were consolidated for trial in the superior court. The facts were uncontroverted and may be summarized as follows:

Frank Herbert MacPherson died testate in Los Angeles County on April 5, 1932. His will provided that a trust be established for the benefit of his wife during her lifetime, and that following her death, certain sums be distributed to various beneficiaries from the remainder of the trust estate.

The will also provided: "(5). I direct said trustee to set aside and hold in trust the sum of Fifty Thousand ($50,000.00) Dollars, and after deducting from the income derived therefrom all charges and expenses in the administration thereof, including reasonable compensation payable to said trustee in the care, management and conservation thereof, I direct said trustee to pay the balance of said income, quarter-annually, to my sister, MARY C. MACPHERSON, . . . for and during her lifetime. Upon her death, I direct said trustee to transfer and pay over and I give, devise and bequeath the trust estate held in trust under the provisions of this subdivision (5), to the VOORHIS SCHOOL FOR BOYS, a California corporation, having its principal place of business at San Dimas, California."

Thereafter, in paragraph (7), the will stated: "I direct said trustee to transfer and pay over and I give, devise and bequeath all the rest, residue and remainder of said trust estate in the possession of said trustee, to the VOORHIS SCHOOL FOR BOYS, a California corporation, having its principal place of business at San Dimas, California."

The will was admitted into probate on May 2, 1932, and was then adopted in the decree of distribution signed on February 26, 1934. The decree provided in pertinent part:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that

pursuant to the terms of the will of said decedent . . . . all of the property of said estate, . . . be distributed in the manner following, to-wit:

".   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"All the rest, residue and remainder of the estate of said decedent, real, personal or mixed and wherever situate, whether described herein or not, to First Trust and Savings Bank of Pasadena, a California corporation, as trustee, but in trust, nevertheless, for and upon the uses and trusts and upon the terms and conditions and for the purposes recited and set forth in the will of said decedent. . . ."

On December 31, 1938, during the life of decedent's wife, the Voorhis School for Boys dissolved and terminated its existence. In so dissolving, it transferred certain property, but failed to make any disposition of its remainder in the trust. Decedent's wife died June 19, 1950.

In the order of the probate court filed November 20, 1950, settling the sixteenth annual account of the trustee, the court ordered that "jurisdiction be and it is hereby specifically reserved to determine upon the death of Mary C. MacPherson, life beneficiary of the trust . . . the disposition of the proceeds of said Trust Estate distributable to the Voorhis School for Boys."

It further directed the trustee, First Trust and Savings Bank of Pasadena, now known as First Western Bank and Trust Company, to pay the decedent's sister, Mary C. MacPherson, the income from her portion of the trust estate and "Upon her death an Account and Petition shall be filed . . . and the disposition of the principal assets of said trust then remaining shall be determined by this Court as hereinbefore provided."

Mary C. MacPherson died on April 21, 1966.

On January 4, 1968, the trustee petitioned the court for instructions as to the proper distribution of the balance of the corpus of the trust estate. This petition stated that the trustee believed that the testator had intended that the remainder of the trust be used for charitable purposes, and that the court should designate a charity with purposes similar to those of the defunct Voorhis School for Boys to receive this remainder.

Appellant Kenneth MacPherson, as heir of the decedent Frank Herbert MacPherson, filed his objections on the ground that the Voorhis School had not been a charitable institution and the bequest had not been for a charitable purpose.

On February 21, 1968, the Attorney General filed a petition in the superior court pursuant to Corporations Code section 9801 alleging that

the Voorhis School for Boys owned, subject to a charitable trust, a vested remainder interest in the Frank Herbert MacPherson testamentary trust. The petition asked the court to select a suitable charitable organization to receive this property.

The trustee's petition and the Attorney General's petition were consolidated for the purpose of trial only.

Prior to trial it was stipulated that the issues to be decided first were "whether or not there was a vesting of the remainder interest in the Voorhis School for Boys and, if so, was that interest divested by the dissolution of the Voorhis School for Boys in 1938." It was conceded by appellant that should these issues be decided adversely to him, he would have no further interest in the disposition of the trust assets.

The court ruled adversely to appellant on both of the aforementioned issues. The probate proceeding was determined by the court's conclusion that the remainder interest in the testamentary trust vested in the Voorhis School upon the death of the testator and that the remainder interest was not divested by the subsequent dissolution of the corporation. In the special proceeding brought by the Attorney General the court found that the Voorhis School was organized and operated for the purpose of educating poor boys, and concluded that the assets bequeathed to this corporation were impressed with a charitable trust.

Thereafter the court determined that, by application of the *cy pres* doctrine, the Voorhis assets should be distributed to Boys Republic, Pasadena Children's Training Society, California State Colleges, Voorhis Viking Camp Association and Pasadena Y.M.C.A. The proportion passing to each of these charitable organizations was based upon an agreement among them, with the approval of the Attorney General.

The order made in the probate proceeding directed the trustee to distribute the remainder of the trust in accordance with that determination.

Appellant has filed a notice of appeal from the order in the probate proceeding and from the judgment in the special proceeding initiated by the Attorney General to determine the disposition of the assets of the defunct Voorhis School. Since appellant did not file any pleading in or otherwise become a party to the latter proceeding he has no standing to appeal from the judgment therein. His purported appeal therefrom must be dismissed.

■  Appellant contends that the trial court erred in excluding certain documentary evidence as irrelevant. He asserts that the thrust of this evidence was to show that the Voorhis School for Boys was not a charitable

organization and that such a showing was relevant to the stipulated issues. The essence of this argument is that if the school were found to be a noncharitable organization, under the statutes then in existence, it could not properly be the recipient of a testamentary bequest. This argument, however, overlooks the effect of the decree of distribution, and comes 36 years too late.

The decree of distribution incorporated the pertinent terms of the will, and while it failed to explicitly categorize the interest given to the Voorhis School for Boys, it is clear from the language of the bequest that the will purported to give the school an interest in the corpus of the trust estate in the nature of a vested remainder. (Former Civ. Code, § 694; *Estate of Wallace* (1938) 11 Cal.2d 338 [79 P.2d 1094]; *Estate of Newman* (1956) 146 Cal.App.2d 780 [304 P.2d 748].) As such, the gift vested in interest, although not in possession, upon the death of the testator, and the entry of the subsequent decree of distribution.

The 1934 decree directed distribution to the trustee for the purposes set forth in the will. This was necessarily a decision that the remainder of the trust assets vested in the Voorhis School. Under the familiar doctrine of res judicata this determination may not now be attacked upon the grounds asserted by the appellant. The 1934 decree was a conclusive determination of the validity of the trust and the rights of the heirs, devisees and legatees. (*Estate of Eckstrom* (1960) 54 Cal.2d 540, 544 [7 Cal.Rptr. 124, 354 P.2d 652].)

Appellant argues, however, that the decree has lost its res judicata effect, citing *People* v. *Ocean Shore Railroad* (1948) 32 Cal.2d 406, 418 [196 P.2d 570, 6 A.L.R.2d 1179], for the proposition that "The doctrine [of res judicata] does not apply . . . where there are changed conditions and new facts which did not exist at the time of the prior judgment." While this is a correct statement of the law, appellant does not benefit thereby.

The court in *Ocean Shore* held that a prior judicial determination that the defendant had no intent to abandon a right of way did not preclude a later finding of an afterformed intent to abandon based on facts and conditions occurring both before and after the first decision.

In the case at bench "changed conditions" cannot affect appellant. It was the function of the 1934 decree of distribution to determine the persons to whom the assets were to be distributed. Conditions arising subsequently, or new evidence discovered subsequently, do not alter the res judicata effect of such a decree.

Although appellant's theory as expressed in his opening brief was

not clear, his petition for a rehearing states unequivocally, "Appellant does not contend that the Voorhis School for Boys was not entitled to take under the Will." Appellant's contention, as clarified in his petition for rehearing, is that "the sole question was whether or not it [the remainder interest] was divested." The evidence which appellant produced in the trial court was offered to show that the corporation known as Voorhis School for Boys was not operated exclusively for charitable purposes. Appellant's theory thus appears to be that if the corporation was not in fact charitable, the remainder would be divested upon the dissolution of the corporation and the property would revert to the heirs of the testator. No authority has been cited in support of that proposition.

Appellant cannot prevail because the probate decree of 1934 established the interest of the Voorhis School. Upon the dissolution of that corporation the interest passed to the lawful successors of that corporation. Being an heir of Frank Herbert MacPherson does not make one a successor to the property of this dissolved corporation.

This is not a case in which the intent of the testator has been made an issue.

■ Appellant's opening brief alluded to a theory that where the identity of the particular beneficiary was the essence of the testator's intent (as opposed to a general charitable intent) the bequest would fail and the heirs would take if the named beneficiary had ceased to exist. (See 4 Scott on Trusts (3d ed. 1967) § 397.3, p. 3048.) Assuming such an issue could have been raised in the trial court in this proceeding, there was no offer of any evidence which would have supported any finding that the testator had any such intention.

The evidence shows without conflict that Voorhis School for Boys was incorporated in 1928 as a nonstock, nonprofit corporation under title XVII of part IV, Division First, of the Civil Code, which applied only to colleges and seminaries of learning. The articles of incorporation do not disclose any purpose other than the establishment and operation of a nonprofit educational institution, and other activities which are incidental thereto. It is also undisputed that the corporation did operate a school for homeless and indigent boys.

■ Property transferred to such a corporation, without any other declaration of purpose, is ordinarily held for the charitable purposes indicated by the articles. (See *Lynch* v. *Spilman* (1967) 67 Cal.2d 251, 260 [62 Cal.Rptr. 12, 431 P.2d 636]; *Estate of McDole* (1932) 215 Cal. 328, 334 [10 P.2d 75].)

458

The appeal from the judgment in the special proceeding to dispose of assets of a charitable corporation (superior court No. NE C7047) is dismissed. The order of the probate court (superior court No. NE P311) is affirmed.

Jefferson, J., and Irwin, J.,* concurred.

A petition for a rehearing was denied January 22, 1971.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.