[L. A. No. 8343. In Bank.—August 31, 1925.]

In the Matter of the Estate of KARL HALM, Deceased. EMMA HALM, Appellant, v. EMIL HALM et al., Respondents.

[1] ESTATES OF DECEASED PERSONS—BEQUEST TO CHARITABLE OR BE- NEVOLENT INSTITUTION—WHEN INVALID.—SECTION 1313, CIVIL CODE. A legatee which the probate court finds to be a state institution of a free state of a foreign country, formed for scientific, literary, and purely educational purposes, the expenses and costs of upkeep of which are defrayed by said state, without any donations or endowments from any source whatever and which was not incor- porated, nor conducted for profit, nor any profit derived from the conduct thereof, is such a charitable or benevolent institution as

---

1. See 5 Cal. Jur. 8; 5 R. C. L. 305; 28 R. C. L. 78.

comes within the inhibitions of section 1313 of the Civil Code, and a bequest to it under a will executed within thirty days of the death of the testator is void.

[2] ID.—EXEMPTIONS.—Such an institution is not one that is exempt from the limitations of section 1313 of the Civil Code, as the state institutions and educational institutions referred to therein are only those which are exempt from taxation under section 1a of article XIII of the constitution of the state of California..

(1) 40 **Cyc.**, p. 1053, n. 85.    (2) 40 **Cyc.**, p. 1054, n. 87.

APPEAL from an order of the Superior Court of Los Angeles County distributing an estate.    F. R. Willis, Judge. Reversed.

The facts are stated in the opinion of the court.

Stephens & Stephens for Appellant.

Max Adler and Gustav Gutsch for Respondents.

RICHARDS, J.—This is an appeal from a portion of the order settling the final account and for the distribution made, given, and entered by the superior court of the county of Los Angeles, wherein said court undertook to find that a certain bequest of the decedent, bequeathing a cash legacy of $1,000 to the University of Heidelberg, was a valid legacy and ordering the distribution of the amount of said legacy to said legatee.    The appeal is by Emma Halm, the widow of the decedent, who was the residuary legatee and devisee under the last will and testament of said decedent.    The decedent died on the twenty-eighth day of February, 1923, being a resident of the county of Los Angeles, state of California, at the time of his death.    On the twenty-first day of February, 1923, he made and executed his last will and testament.    In said will he made the following bequest:

"11. As a Memorial I bequest to the following Institutions, Relatives and friends the following sums:

"University Heidelberg, Germany $1000.00 . . . "

The will of said deceased was in due course offered and admitted to probate and thereafter the executor thereof presented his first and final account and report and petition for distribution, wherein he alleged that the University of

Heidelberg, of Germany, was a public educational institution not carried on for private gain and that the bequest to it was therefore void under the prohibition of section 1313 of the Civil Code. The University of Heidelberg appeared by its attorney in fact, filed written objections to the account and petition for distribution, in which it denied that it is a public educational institution, alleging that it is a state institution of the state of Baden, and prayed for distribution of this legacy to it. After a hearing upon said account and petition and said objection thereto, the court made its findings of fact and conclusions of law, wherein it found:

"That the University of Heidelberg is in the fullest sense of the word a state institution of the free state of Baden of the German Republic formed for scientific, literary and purely educational purposes, and that its expenses and costs of upkeep are defrayed by the said free state of Baden, without any donations or endowments from any source whatever, and that the said university is and was not incorporated nor is the same conducted for profit, nor is any profit derived from the conduct thereof. . . .

"As conclusions of law the court holds:

"That the University of Heidelberg is not a charitable or benevolent corporation, and that the said University of Heidelberg is entitled to receive by decree of distribution herein the sum of one thousand dollars ($1,000), to it bequeathed under the said last will and testament of the said Karl Halm, deceased."

Upon the foregoing findings of fact and conclusions of law the court made its order distributing said estate and said bequest in conformity therewith and it is from said portion of said order that this appeal has been taken.

It appearing upon the face of said proceeding that the will of said decedent was executed within thirty days prior to the decease of the decedent, the sole question presented upon this appeal is as to whether the foregoing bequest to the University of Heidelberg was a valid bequest under the provisions and limitations of section 1313 of the Civil Code. Said section reads in part as follows:

"No estate, real or personal, shall be bequeathed or devised to any charitable or benevolent society or corporation, or to any person or persons in trust for charitable uses, ex-

cept the same be done by will duly executed at least thirty days before the decease of the testator; and, if so made at least thirty days prior to such death, such devise or legacy and each of them shall be valid; . . . and provided, further, that bequests and devises to the state, or to any state institution, or for the use or benefit of the state or any state institution, or to any educational institution which is exempt from taxation under section 1a of article thirteen of the constitution of the state of California, or for the use or benefit of any such educational institution, are excepted from the restrictions of this section; . . . ''

[1] It is the contention of the appellant herein that under the findings of said court the University of Heidelberg must be held to be such a charitable or benevolent institution as would come within the inhibitions of the foregoing provisions of section 1313 of the Civil Code, and hence that said bequest was void, and as a consequence that the order and decree of distribution awarding the sum provided for in said bequest to the University of Heidelberg was erroneous. We are of the opinion that this contention must be sustained.

The University of Heidelberg, according to the foregoing findings of the probate court, is a state institution of the free state of Baden of the German Republic, formed for scientific, literary, and purely educational purposes, with its expenses and costs of upkeep defrayed by the free state of Baden, and with its activities devoted apparently to the teaching of education freely to an indeterminate number of the youth of Germany who may from time to time be the recipients of its benefaction. It is thus to be placed in the same category with any other educational institution, whether founded by or under the provision of the state or by private gift, bequest or trust. In the case of *People* v. *Cogswell*, 113 Cal. 129, 136 [35 L. R. A. 269, 45 Pac. 270], it was held that a private trust created for the purpose of the erection and maintenance of a polytechnic college devoted to the spread of technical knowledge and to the gratuitous instruction in mechanical arts of the youth of this state was a purely charitable foundation. In *Estate of Sutro*, 155 Cal. 727 [102 Pac. 920], the court quotes approvingly from Perry on Trusts (2 Perry on Trusts, sec. 711) the general definition of a charitable trust as given by Judge Gray in *Jackson* v.

*Phillips,* 14 Allen (Mass.), 556: "A charity, in the legal sense, may be more fully defined as a gift to be applied, consistently with existing laws, for the benefit of an indefinite number of persons either by bringing their hearts under the influence of education or religion, by relieving their bodies from disease, suffering or constraint, by assisting them to establish themselves for life, or by erecting or maintaining public buildings or works, or otherwise lessening the burdens of government." In the case of *Skinner* v. *Harrison Township,* 116 Ind. 139 [2 L. R. A. 137, 18 N. E. 529], it was held that a bequest to said township for the use and benefit of the common schools therein was a charitable bequest, and in *Webster* v. *Wiggin,* 19 R. I. 73 [28 L. R. A. 510, 31 Atl. 824], it was decided that a bequest to certain school districts of the state of New Hampshire for the purpose of establishing and maintaining public schools therein was a charitable trust. In *Estate of Dol,* 182 Cal. 159 [187 Pac. 428], this court had under consideration the question as to whether the particular recipient of the bequest in that case was a charitable or benevolent society within the meaning of section 1313 of the Civil Code, and while the court in that case held that it was not such, it suggested that there was no essential difference between the words "charitable" and "benevolent" as employed in that section, at least in so far as it had application to the case then in hand. We are unable to observe any such distinction between said terms as employed in said section, and our view in that respect is, we think, strengthened by the language of the proviso therein above set forth which clearly indicates that bequests or devises to a state or a state institution for educational purposes would come within the foregoing provisions of said section unless such institution could be brought within the inhibition made in said proviso.

[2] It is the contention of the respondent herein, however, that under the terms of said proviso it is exempt from the foregoing limitations of said section for the reason that it is, as found by the court, a state institution of the free state of Baden, Germany. Reading said proviso as a whole, however, the conclusion appears inevitable that the state institutions and educational institutions referred to therein are only those which are exempt from taxation under sec-

tion 1a of article XIII of the constitution of the state of California; and it is plain that the educational institution in question here does not come within the terms of such exemption. We are therefore of the opinion that the University of Heidelberg is such a charitable or benevolent institution as would come within the terms and provisions of said section of the Civil Code and to which, therefore, a bequest would be void unless the same were made by the testator by a will duly executed at least thirty days before his decease.

The will of the decedent herein not having been thus executed and said bequest thus being void, it follows that the order and decree of said court, in so far as it undertook to distribute the sum named in said bequest to that particular legatee, was erroneous, and that said sum should have been distributed to the residuary legatee of said decedent, the appellant herein. The order as to the portion appealed from herein is reversed and the trial court is directed to enter a decree of distribution in said estate in accordance with the views expressed in this opinion.

Myers, C. J., Lawlor, J., Seawell, J., Lennon, J., Waste, J., and Knight, J., *pro tem.*, concurred.