[Civ. No. 13913. Second Dist., Div. Two. Mar. 17, 1943.]

Estate of EMMA SAREPTA YULE, Deceased. GRACE HART MOORE et al., Appellants, v. DANIEL A. DURYEE et al., Respondents.

William Ellis Lady for Appellants.

Smith Troy, Attorney General (Washington), Harold A. Pebbles and John Spiller, Assistants Attorney General, and Combs & Murphine for Respondents.

WOOD (W. J.), J.—Emma Sarepta Yule died on April 16, 1939, leaving a will bearing date September 27, 1922, which was duly admitted to probate. She left the residue of her estate "to the University of the State of Washington, in trust, to be known as the Emma Sarepta Yule Fund and to be expended as hereinafter directed. Fourth: I further direct that said residue so devised, given and bequeathed to the said University of the State of Washington be held in trust by the said University and invested by the proper officers of said University, and the income therefrom be used and expended in aiding girl and women students who are partially or wholly self-supporting and who are then attending the said University of Washington; said aid to be furnished as aforesaid to girl and women students may be in the form of a gift or loan as, in the discretion of the proper officers of said University, may be deemed wisest, but in no event is any portion of the principal of said Emma Sarepta Yule Fund to be expended for any purpose. . . . " The probate court made an order granting the petition of the University of Washington for ratable distribution and from this order certain heirs at law have appealed.

We find no merit in the contention of appellants that the University of Washington is not an institution which can take by will. Appellants refer to section 27 of the Probate Code, which provides: "A testamentary disposition may be made to . . . corporations formed for religious, scientific,

literary, or solely educational or hospital or sanatorium purposes, or primarily for the public preservation of forests and natural scenery, or to maintain public libraries, museums or art galleries, or for similar 'public purposes. No other corporation can take under a will, unless expressly authorized by statute.''

The courts of California take judicial notice of the laws of the State of Washington (Code Civ. Proc., sec. 1875). The organization, purpose and method of government of the University of Washington are provided in sections 4544, 4545, 4554, 4557 and 4560 of Remington's Revised Statutes, the official code of the State of Washington. In these code sections it is provided that the name of the institution shall be ''University of Washington''; that the aim and purpose of the university shall be to provide for students of both sexes a liberal education in the different branches of literature, science, art, law, etc.; that the institution shall be governed by a board of regents appointed by the governor of the state; and that the board of regents is authorized to receive such bequests and gratuities as may be granted to the university and to invest or expend the same according to the terms of the bequests. The attorney general of the State of Washington is made the legal advisor of the board of regents and is authorized to ''institute and prosecute or defend all suits in behalf of the same.'' The university is supported by the State of Washington.

The general rule that gifts for charitable purposes are to be highly favored is followed by the California courts. A will providing such gifts will be liberally construed in order to accomplish the intent of the donor. (*Collier* v. *Lindley*, 203 Cal. 641, 654 [266 P. 526].) The testamentary provisions now before us unquestionably provide for a gift for charitable purposes to a legally constituted institution. We entertain no doubt that the Legislature in enacting section 27 of the Probate Code intended to include such institutions as the University of Washington whether or not they be designated as corporations by specific legislative enactment. In *Estate of Halm*, 196 Cal. 778 [239 P. 307], the trial court found: ''That the University of Heidelberg is in the fullest sense of the word a state institution of the free state of Baden of the German Republic formed for scientific, literary and purely educational purposes, and that its

expenses and costs of upkeep are defrayed by the free state of Baden, without any donations or endowments from any source whatever, and that the said university is and was not incorporated nor is the same conducted for profit, nor is any profit derived from the conduct thereof. . . . '' The Supreme Court held that under these findings the University of Heidelberg was a charitable or benevolent institution and was ''placed in the same category with any other educational institution, whether founded by or under the provision of the state or by private gift, bequest or trust,'' and that it could take by will except for the fact that the will had been executed within thirty days before the death of the testator. Section 27 of the Probate Code was based upon former section 1275 of the Civil Code, in force at the time of the decision in the Halm case, which contained a provision permitting testamentary dispositions to ''corporations formed for scientific, literary, or solely educational or hospital purposes, or primarily for the public preservation of forests and natural scenery.'' In *Estate of Royer,* 123 Cal. 614 [56 P. 461, 44 L.R.A. 364], it was held that the University of California is a public corporation capable of taking by bequest notwithstanding the requirement that the regents of the university become incorporated under the name of ''Regents of the University of California.''

Appellants asked the probate court to limit the disposition to the University of Washington to one-third of the estate in case the gift should be held valid, relying upon the restriction contained in section 41 of the Probate Code. It is provided in section 43 of the Probate Code that the restriction referred to in section 41 shall not be applicable to bequests or devises made by will executed at least six months prior to the death of a testator who leaves neither spouse, child, grandchild or parent. The will now before us was executed more than six months before the death of decedent, who left none of the relatives listed in section 43 of the code. It follows that the gift in question is not limited by the restrictions of section 41.

Appellants contend that the provision in the will which gives the officers of the University of Washington authority to make loans as well as gifts to students makes the bequest invalid because, it is argued, the making of a loan ''could not be said to be charitable in character.'' We

see no merit in this contention. The provision authorizing the officers to make loans in some cases to students, rather than gifts, unquestionably promotes the purposes of the testatrix to make the bequest as helpful as possible to the students. The provision for the return of the funds by the recipients naturally permits a larger number to be aided by the bounty of the testatrix and at the same time encourages the formation of proper habits on the part of the recipients. It cannot in any sense be considered as authorizing a commercial undertaking.

Appellants complain of the action of the trial court in sustaining the demurrer of respondents to their objections to the petition for ratable distribution. They assert that their petition contained statements which for the purposes of the demurrer must be considered as true. In ruling upon the demurrer to appellants' objections the trial court ruled only upon questions of law. The broad statements in the pleading of appellants concerning matters before the court were largely conclusions on their part which could properly be disposed of by the ruling on the demurrer.

The order is affirmed. Respondents shall recover costs on appeal.

Moore, P. J., and McComb, J., concurred.