[Civ. No. 27486. First Dist., Div. Four. July 29, 1970.]

Estate of MARGARET GEORGIANA MELVIN, Deceased.
HOUSTON I. FLOURNOY, as State Controller,
Petitioner and Respondent, v.
McGILL UNIVERSITY, Objector and Appellant.

## COUNSEL

Joseph Landisman and Howard W. Wayne for Objector and Appellant.

Milton D. Harris and Newell C. Barnett for Petitioner and Respondent.

## OPINION

**RATTIGAN, J.**—McGill University, a residuary beneficiary under the will of Georgiana Melvin, appeals from a probate court order fixing an inheritance tax upon its one-third share of her residuary estate. The sole issue is whether the gift to the university, a foreign educational institution, is exempt from California inheritance tax under subsection (1) of subdivision (c) of Revenue and Taxation Code section 13842.[1] We hold the gift exempt; we reverse the order fixing tax.

---

[1] All statutory references hereinafter are to the cited provisions of section 13842, which reads in pertinent part as follows:

"13842. Property transferred [at death] to any . . . institution . . . organized

The facts, and the effect of the relevant foreign statutes, are undisputed; the parties (McGill University and the State Controller) stipulated to them, and to the issue presented, in the probate court. Because the parties stipulated to some of the foreign statutes in terms of their legal effect without quoting or specifically citing them, we quote pertinent portions of the stipulation in full, as follows:

"1. McGill University is one of the residuary beneficiaries of the Last Will and Testament of . . . [Georgiana Melvin, the testatrix] . . . and [is] entitled to one-third of such residue [*sic*]; . . .

"2. McGill University is an institution organized solely for educational purposes under the laws of the Province of Quebec, Canada. If said institution were organized by [*sic*] and located in the State of California, . . . no inheritance tax would be applicable [*sic*] pursuant to § 13842 of the Revenue and Taxation Code.

"3. The issue is one of reciprocity between the Province of Quebec and the State of California. The Controller claims that the Law of Quebec does impose 'a legacy, succession, or death tax of any character in respect to property transferred to a similar . . . institution . . . organized or existing under the laws of this State' (see Revenue and Taxation Code § 13842 [c] [1]).

"4. The Quebec Succession Duties Act imposes a tax on property transferred to a beneficiary in the same manner as does an inheritance tax. It makes no distinction between educational institutions existing under its local law and those organized under the laws of any other country or state. . . . [Section 13 of the Quebec Succession and Duties Act is here incorporated in the stipulation by reference to an attachment thereto].[2] A bequest by a Quebec decedent in favor of a California educational institution would be distributed to such beneficiary free of Quebec Inheritance Taxes pursuant to [*sic*] Section 13 of the Quebec Succession Duties Act.

"5. Inheritance Tax rates under the Succession Duties Act of Quebec reflect the aggregate estate to this extent: Assume a total net estate of

---

and operated exclusively for . . . educational purposes . . . is exempt from . . . [California inheritance tax] . . . if any of the following conditions is present: . . .

"(c) In the event that the . . . institution . . . is organized or existing under the laws of . . . a foreign state or country, at the date of the decedent's death either of the following concurred [*sic:* occurred?]:

"(1) The . . . foreign state, or foreign country did not impose a legacy, succession, or death tax of any character in respect to property transferred to a . . . [similar California recipient] . . ."

[2]The parties thus stipulate that section 13 of the cited Quebec law provides in pertinent part that ". . . [N]o duties shall be exigible on legacies, gifts and subscriptions for religious, charitable or educational purposes.".

$120,000.00, half of which goes to a charity and half to an individual, not related to the decedent. The initial rate (based on aggregate estate of $120,000.00) would be 2.2%; the additional rate (based on property bequeathed to stranger of $60,000.00) would be 2.0% or a total of 23.2% would be applied against any taxable transfer. The tax on the share of the individual, would, therefore, be 23.2% of $60,000.00, or $13,920.00; the charity would get its $60,000.00, tax free.

"If the $120,000.00 estate is bequeathed to two individual beneficiaries (not charities), both strangers to decedent, each $60,000.00 bequest would be subject to the 23.2% tax—the same tax rate and amount as in the next preceding example, but the total tax collected from the estate would be twice as much than when half of it is distributable to a charity.

"If the aggregate estate were only $60,000.00, all of which were to be distributable to an individual (stranger to the decedent) the initial rate would be 16%, the additional rate would be 2%, and the effective rate would be 18%, yielding a tax of $10,800.00.

"Assuming in the foregoing examples that the Law of Quebec allowed a deduction or exemption of any transfers left to charitable beneficiaries before computing the amount of the tax on the aggregate estate, and assuming an estate of a total value of $120,000.00, half of which was left to charity and half to an individual beneficiary (stranger to decedent) the total tax then would be at the rate of 18%, or $10,800.00, instead of $13,920.00.

"There is no duty levied by the Succession Duties Act of Quebec against a charitable beneficiary, but the non-charitable beneficiaries are taxed at a rate reflecting the total value of the estate. This rate remains the same regardless of whether or not a portion of the estate is bequeathed to a charity. A bequest to charity will not increase the rate of duty otherwise payable by the non-charitable beneficiaries, nor is the rate of duty decreased because a portion of the estate is left to charity, although the total tax payable is reduced since the rate of tax is not applied to any portion left to a charitable or educational institution."

■ McGill University contends on its appeal that the gift to it is exempt under subsection (1) of subdivision (c) because, in the language thereof (see fn. 1, *ante*) the law of Quebec "did not impose a legacy, succession, or death tax of any character *in respect to* property transferred to a similar . . . [California charitable recipient] . . ." (Italics added.)

The Controller's argument to the contrary rests entirely upon *Estate of Wilson* (1968) 265 Cal.App.2d 943 [71 Cal.Rptr. 822]. The testator in that case made separate bequests to four foreign charities, two of which

were organized under the laws of Scotland and two under the laws of England. (*Id., p.* 945.) Three of the bequests were residuary. (*Id.*) Although the laws of neither nation imposed a death tax upon a bequest to a similar California charitable recipient as such (*id.*), both apparently (1) imposed such tax upon any estate whose gross taxable value exceeded a specified amount, (2) made it a first charge on the estate, and (3) made it payable from the residue thereof. (*Id.*, pp. 945, 949-950.) The *Wilson* court denied exemption to the California gifts under subsection (1) of subdivision (c).

From the *Wilson* result, the Controller argues that "the words 'in respect to' as used in Section 13842 mean that the charitable bequest [under foreign law] is considered to be subject to a death duty or tax of any character if such charitable bequest is not exempted nor deducted in arriving at the amount of the net taxable estate for the purpose of computing the death tax in the foreign jurisdiction. . . . [T]he California reciprocity statute refers [,] not to 'a tax imposed against a California charity', but to 'a legacy, succession, or death tax of any character in respect to property transferred to . . .' a California charity. As the amount of that property remains in the 'aggregate [Quebec] estate' and the larger the 'aggregate estate' the greater the Quebec basic tax, a tax is imposed in respect to such transferred property."

We disagree with this interpretation of *Estate of Wilson.* The court therein explicitly held that the Scottish and English death duties would *"in fact* [be] indirectly imposed on gifts to California charitable recipients, even though the impact is borne by the residuary estate." (Italics added.) (*Estate of Wilson, supra,* 265 Cal.App.2d at pp. 949-950.) This result was the *fact,* under the *Wilson* hypothesis, because the effect of the imposition of the hypothetical foreign taxes, as a first charge on a hypothetical foreign estate administered under either foreign law involved in *Wilson,* would have been to diminish the value of a similar bequest to a California charitable recipient. Under the Quebec law as summarized in paragraph 5 of the parties' stipulation (quoted *supra*), a similar bequest to such recipient would not be diminished: it would be distributed free and clear of tax, and the only effect of the Quebec tax actually imposed would be to reduce the share of the noncharitable beneficiary upon whom Quebec law casts the full tax burden.

In effect, the California statute in question (§ 13842, subd. (c), subsec. (1)) exacts reciprocity of tax exemption, under the foreign law involved, as a condition of allowing a similar exemption to a foreign recipient under a California will. Such reciprocity statutes are designed, not to demand identity of substantive law abroad, but to insure parity of the

treatment accorded Californians thereunder. (*Estate of Larkin* (1966) 65 Cal.2d 60, 64 [52 Cal.Rptr. 441, 416 P.2d 473].) ■ Such parity would be realized in the hypothetical situation posed here: the laws of Quebec would, in practical effect, exempt from tax a gift to a California charitable recipient because it would result in delivery of the gift in California tax-free. As this meets the obvious California statutory purpose, we do not agree with the Controller that the hypothetical tax would be imposed "in respect to" such property for the sole reason that the inclusion of the California gift in the taxable Quebec estate would affect the tax payable by someone whom the California reciprocity requirement is not intended to benefit or reach. We, distinguish *Estate of Wilson, supra,* 265 Cal.App.2d 943, upon that basis.

Gifts for charitable purposes are highly favored in this state (*Estate of Fleming* (1948) 31 Cal.2d 514, 520 [190 P.2d 611]; *Estate of Yule* (1943) 57 Cal.App.2d 652, 654 [135 P.2d 386]), and the Legislature has expressed an intent to encourage them by exempting them from taxation. (*Estate of Barter* (1947) 30 Cal.2d 549, 554 [184 P.2d 385].) ■ "It is settled law that taxing statutes are acts *in invitum* and that the courts will not adopt a strained construction to impose a tax which is not part of the legislative act. . . . If the legislative act expresses an intention to exempt certain property judicial construction is not appropriate to defeat the exemption." (*Estate of Bendheim* (1950) 100 Cal.App.2d 398, 401 [223 P.2d 874].) ■ We conclude that where, as here, a gift to a California charitable recipient would not in any manner be diminished by a death tax imposed in the reciprocal situation under foreign law, the latter does not impose a tax "in respect to" the reciprocal transfer under section 13842, subdivision (c), subsection (1).

The order fixing tax is reversed insofar as it fixes an inheritance tax payable by McGill University as a residuary legatee herein.

Devine, P. J., and Christian, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied September 24, 1970.