[Civ. No. 22566. Fourth Dist., Div. One. Apr. 17, 1981.]

Estate of SAMUEL OLIE FEGESTAD, Deceased.
KENNETH CORY, as State Controller, Petitioner and Respondent, v.
JOHN W. NETTERBLAD, as Executor, etc., Objector and Appellant.

COUNSEL

Milton M. Byron for Objector and Appellant.

Myron Siedorf, Margaret Groscup and Michael J. Gittleman for Petitioner and Respondent.

OPINION

**WORK, J.**—John W. Netterblad, executor of the estate of Samuel Olie Fegestad, decedent, appeals from an order fixing inheritance taxes after objections on a residuary bequest to Flekkefjord City Hospital in the Kingdom of Norway.

State inheritance taxes were paid under protest, executor claiming exemption under section 13842, Revenue and Taxation Code.[1]

The sole issue on appeal is whether the Kingdom of Norway reciprocally provides California charities with inheritance tax exemptions, within the meaning of section 13842, subdivision (c).[2] We conclude it does and reverse.

---

[1]All references are to the Revenue and Taxation Code unless otherwise specified.

[2]Revenue and Taxation Code section 13842 states in pertinent part: "Property transferred to any society, corporation, institution, or association, in trust or otherwise, or to any foundation or trust, organized and operated exclusively for religious, charitable, scientific,... no part of the net earnings of which inures to the benefit of any private stockholder or individual, and no substantial part of the activities of which is carrying on propaganda or otherwise attempting to influence legislation, is exempt from the tax

The initial inheritance tax act was enacted in 1893 and completely rewritten in 1905, being modeled from the New York statute. (Barnett, *California Inheritance and Gift Taxes A Summary* (1955) 43 Cal.L. Rev. 49.) Section 13842 was added in 1943 as part of the Uniform Reciprocal Transfer Tax Act (Stats. 1943, ch. 658, § 1, p. 2306). Part of the reason for enacting section 13842 was to prevent double taxation.[3]

■ In establishing exemptions from the California inheritance tax, the Legislature is free to impose any conditions it chooses. (*Estate of Wilson* (1968) 265 Cal.App.2d 943, 947 [71 Cal.Rptr. 822].) "[T]he right to succession [in California] is not an inherent or natural right. It is only by virtue of statute that an heir is given the right to receive any of his ancestor's estate." (*Estate of Simmons* (1966) 64 Cal.2d 217, 221 [49 Cal.Rptr. 369, 411 P.2d 97].) "Nothing in the Federal Constitution forbids the legislature of a state to limit, condition, or even abolish the power of testamentary disposition over property within its jurisdiction." (*Irving Trust Co.* v. *Day* (1942) 314 U.S. 556, 562 [86 L.Ed. 452, 457, 62 S.Ct. 398, 137 A.L.R. 1093].) "So broad is the power of the state to determine the devolution of title to the property ... within its boundaries that it may take the property itself and deny any right of anyone to succeed thereto either by will or by succession ...." (*Estate of Zimmermann* (1955) 132 Cal.App.2d 702, 704 [283 P.2d 68]; see also *Estate of Knutzen* (1948) 31 Cal.2d 573, 578 [191 P.2d 747], and cases cited therein.)

"Obviously, it is on the basis of such power that the state has the right to impose, or to exempt from imposition, an inheritance tax upon

imposed by this part, if any of the following conditions is present: .... [¶] (c) In the event that the society, corporation, institution, foundation, trust, or association is organized or existing under the laws of a territory or another state of the United States or of a foreign state or country, at the date of the decedent's death either of the following concurred: [¶] (1) The territory, other state, foreign state, or foreign country did not impose a legacy, succession, or death tax of any character in respect to property transferred to a similar society, corporation, institution, or association organized or existing under the laws of this state. [¶] (2) The laws of the territory, other state, foreign state, or foreign country contained a reciprocal provision under which property transferred to a similar society, corporation, institution, or association organized or existing under the laws of another territory or state of the United States or foreign state or country was exempt from legacy, succession, or death taxes of every character, if the other territory or state of the United States or foreign state or country allowed a *similar* exemption in respect to property transferred to a similar society, corporation, institution, or association organized or existing under the laws of another territory or state of the United States or foreign state or country." (Italics added.)

[3]The problem of double taxation was treated in *Farmers' Loan & Trust Co.* v. *State of Minnesota* (1930) 280 U.S. 204 [74 L.Ed. 371, 50 S.Ct. 98, 65 A.L.R. 1000].

intangible property which is situated in this state at the time of the decedent's death." (Cf. *Estate of Mears* (1979) 90 Cal.App.3d 885, 892 [153 Cal.Rptr. 566].)

In this case, the state has created an exemption from inheritance taxes for bequests given to foreign charities on the condition the foreign sovereign provide a reciprocal exemption.

The executor contends the Kingdom of Norway provides such a reciprocal exemption in the pertinent section of the Norwegian Inheritance Act of June 19, 1964,[4] and in practice, as shown by the "verified" statement of the Royal Ministry of Finance and Customs in Oslo, Norway and dated January 13, 1981.[5]

The Controller maintains, for true reciprocity, Californians "must receive a guarantee of exemption under the foreign law equal to that provided by California to foreign charities *and* an ability to protect that guarantee equal to that provided by California." (Italics added.)

The Controller argues the Norwegian provision is "discretionary," using the word "may," and therefore not similar to California's automatic nondiscretionary exemption. He misconstrues the character of reciprocity required.

In the *Estate of Melvin* (1970) 10 Cal.App.3d 48, 52, 53 [88 Cal. Rptr. 701], involving a similar contention, the court found reciprocity under section 13842, subdivision (c)(1), saying: "In effect, the Califor-

---

[4]Norwegian Inheritance Act of June 19, 1964 (rev. July 1, 1970), No. 14, article 4, paragraph five: "Any inheritance or gift as mentioned in § 2, second paragraph, granted for public benefit is exempt from duty insofar as the assets accrue to an officially approved foundation or endowment, whose executive committee has its seat within the Kingdom. The Ministry concerned may also grant exemption to others insofar as the assets are spent for the public benefit. The distribution of assets by any person having received duty-free inheritance under the rules of this paragraph to any person having a prior inheritance right as a relative of the deceased will be regarded as inheritance direct from the deceased."

[5]Text of a letter from the Royal Ministry of Finance and Customs: "Inheritance from Samuel O. Fegestad, San Diego [¶] The Ministry of Finance and Customs do hereby certify that Flekkefjord Sykehums, 440 Flekkefjord in accordance to the Act of 19th June 1964, article 4, paragraph five after application would have been exempted from inheritance tax if the inheritance had been liable to Norwegian inheritance tax. [¶] It is also certified that the Ministry after application, would have exempted from tax a similar legacy in the United States, if the inheritance had been liable to Norwegian inheritance tax."

nia statute...exacts reciprocity of tax exemption, under the foreign law involved, as a condition of allowing a similar exemption to a foreign recipient under a California will. *Such reciprocity statutes are designed, not to demand identity of substantive law abroad, but to insure parity of the treatment accorded Californians thereunder....*

"Gifts for charitable purposes are highly favored in this state [citations], and the Legislature has expressed an intent to encourage them by exempting them from taxation. [Citation.] 'It is settled law that taxing statutes are acts *in invitum* and that *the courts will not adopt a strained construction to impose a tax* which is not part of the legislative act.... If the legislative act expresses an intention to exempt certain property judicial construction is not appropriate to defeat the exemption.' [Citation.]" (Italics added.)

In testing the reciprocity provision of the foreign sovereign, we do not look for identical guarantees under the foreign laws, as suggested by the Controller, but rather to *parity in the treatment* accorded Californians under the foreign law. The Norwegian law meets this test.

The reciprocity as required by Probate Code section 259 is analyzed in *Estate of Larkin* (1966) 65 Cal.2d 60 [52 Cal.Rptr. 441, 416 P.2d 473]. The beneficiaries there were citizens and residents of Russia (Union of Soviet Socialist Republics). The court noted the law requires no more than a showing the foreign law as written and consistently applied allows Californians to inherit on equal terms with its own residents. (*Id.*, at p. 65.) Whether the foreign law meets this standard may be shown by evidence statutes, otherwise ambiguous or nonspecific, are so interpreted and applied by the foreign sovereign. *Larkin* approved interpretive evidence from legal scholars, and evidence of specific applications of the foreign law. Similar evidence was deemed sufficient in *Estate of Miller* (1951) 104 Cal.App.2d 1, 5 [230 P.2d 667], where the court upheld a finding of reciprocity with Nazi Germany, predicating its conclusion on testimony of experts of the actual practice of the Nazi regime, although the court noted that, "[n]either Americans nor aliens generally are mentioned in the German Civil Code," and even though its dictatorial government had total discretion in applying the law.

Admittedly the volume and variety of evidence relied on by the trial court in *Larkin* and *Miller* far exceed that submitted here. However, it is uncontradicted, was received and considered without objection, and is

of a class tacitly approved in *Zschernig* v. *Miller* (1968) 389 U.S. 429, 436 [19 L.Ed.2d 683, 689, 88 S.Ct. 664].

Uncontested evidence shows the consistent practice of the Norwegian government has been to interpret and apply its statutes so as to exempt charitable bequests by its citizens to beneficiaries in the United States from its inheritance taxes. It also describes the beneficiary as an institution entitled to the requested exemption.

The court erred in requiring absolute identity of substantive law and totally nondiscretionary powers in its application. Strained construction or interpretation of foreign law, or its application, should not be used to defeat charitable bequests so highly favored in the law.

The order fixing California inheritance taxes, on the bequest to the Flekkefjord City Hospital in the Kingdom of Norway, is reversed.

Brown (Gerald), P. J., and Cologne, J., concurred.

A petition for a rehearing was denied May 4, 1981, and respondent's petition for a hearing by the Supreme Court was denied June 10, 1981.