[Civ. No. 18027.   Second Dist., Div. Three.   Oct. 31, 1950.]

Estate of ALICE M. M. McINTOSH, Deceased. THOMAS H. KUCHEL, as Controller, etc., Appellant, v. WILLIAM A. McINTOSH, as Executor, etc., Respondent.

James W. Hickey, Walter H. Miller and Raymond G. LaNoue for Appellant.

Lindstrom & Bartlett for Respondent.

SHINN, P. J.—Alice M. M. McIntosh died in the State of California in 1946. Her estate was left in trust with income

payable to her surviving husband, William A. McIntosh, for life. Upon the husband's death the trust was to terminate and the residue, after the payment of certain bequests, was to go to Charity Organization Society Trustees, Limited, of London, England, to be used for the rehabilitation and relief of those rendered destitute or suffering distress by reason of the war in England. The executor of the will filed his first account current and report, and a petition for partial distribution, wherein it was represented to the court that Charity Organization Society Trustees, Limited, was in a critical financial condition due to deficits sustained over a period of years; that it had become known as Family Welfare Association, a British organization having its principal office and place of business in London, with no legal representative or office within the United States or elsewhere than in the British Isles; that for the reasons stated it was not a suitable trustee to be appointed by the court to take the residue of the estate in trust, and to administer it under the will of decedent; that Combined British Charitable Fund is a nonprofit California corporation; that said corporation was a suitable one to act as trustee under the will and was willing to act, and if appointed it might administer the fund either alone or in collaboration with or through the agency of Royal United Kingdom Beneficent Association, of London, England; and that for various reasons the court should retain jurisdiction over administration of the fund. The petition prayed for distribution to the California corporation of the residue of the remainder of the trust estate. Charity Organization filed an opposition to the petition, praying for distribution to itself to be used as it might see fit for the charitable purposes stated in the will. Additional facts were stated in an amended report and petition for partial distribution in support of the claim that the California corporation should be named as trustee, but they added nothing to the material facts which we have recited. Upon the hearing the account was settled and with the consent of Charity Organization Society Trustees, Limited, the residue of the remainder of the estate after the death of William A. McIntosh was distributed to Combined British Charitable Fund to be held and administered in accordance with the will of Mrs. McIntosh.

The controversy is over the claim made by the State Controller that the interest distributed to the California corporation is subject to an inheritance tax. This claim was

242

rejected by the trial court and the Controller has appealed from an order made May 11, 1950, that the remainder interest passed to Combined British Charitable Fund wholly exempt from all California inheritance tax.

It is conceded that had the court appointed the trustee named in the will and had distribution been made to it, the estate transferred would have been taxable; also that a bequest to Combined British Charitable Fund would be exempt from tax. We have here a bequest in trust to one charity and the appointment of another one as trustee.

Upon these facts support for the order appealed from is furnished by the opinion of the Supreme Court in *Estate of Barter*, 30 Cal.2d 549 [184 P.2d 305]. The points now urged by the Controller were decided adversely to his contentions made there and which are repeated here. In *Estate of Barter* the residue of the estate was left by will to the British Government, in trust, to be used for charitable purposes. The court appointed as trustee Combined British Charitable Fund, a California corporation, "exclusively engaged in and devoted to charitable work." Had distribution been made to the British Government, it would have been taxable; if Combined British Charitable Fund was the recipient of the bequest, it would be exempt. The transfer was held exempt.

The following points were decided: (1) The tax was upon the privilege of succeeding to property upon the death of the owner; (2) the residue of the estate did not pass to the British Government, and since no benefit passed there was no basis for assessing a transfer tax against it; (3) the entire benefit intended to be conferred upon the British Government having passed to the California corporation, the transfer was exempt. The British Government had been found to be incapacitated to act as trustee, and it was said that it was therefore incumbent upon the probate court to appoint a qualified trustee to fill the vacancy. The appointment of a California trustee exempted the transfer from liability within the scope of the inheritance tax law. The court said: "Furthermore, the prudence of the probate court's rejection of the British Government as trustee of the residuary estate herein is emphasized by the knowledge that our courts have no jurisdiction over that government. In the event it should, as trustee, disregard judicial orders with respect to the management of the trust property, our probate court would be helpless to enforce them." Appellant has not succeeded in distinguishing the instant case from *Estate of Barter*. The only factual difference

between that case and the present one is that there the trustee named was incapacitated to act, whereas in our case the court determined that the British corporation would not be a suitable trustee, and that the California corporation should be appointed and jurisdiction over the fund and the trustee be retained. The reasons which prompted the court's action in either case would seem to be immaterial so long as the order was one within the powers of the court, which it undoubtedly was. It is also immaterial whether the order appointing the trustee is res judicata as to the Controller. The validity or propriety of the order is not in question, but only the effect of it. There is little we could add to our opinion without repetition of the discussion found on page 556 et seq., 30 Cal.2d, to which we refer. Appointment of the California corporation as trustee rendered the bequest exempt from inheritance tax liability.

The order is affirmed.

Wood (Parker), J., and Vallèe, J., concurred.

A petition for a rehearing was denied November 14, 1950, and appellant's petition for a hearing by the Supreme Court was denied December 26, 1950. Schauer, J., voted for a hearing.