100 Cal.App.2d 398 (1950)
Estate of JOSEPHINE BENDHEIM, Deceased. THOMAS H. KUCHEL, as State Controller, etc., Appellant,
v.
WELLS FARGO BANK et al., Respondents.
Civ. No. 14411. 
California Court of Appeals. First Dist., Div. Two. 
Nov. 14, 1950.
 James W. Hickey, Inheritance Tax Attorney, Milton D. Harris and Richard C. O'Connor, Deputy Inheritance Tax Attorneys, for Appellant.
 Arthur W. Eckman, Ralph G. Lindstrom, Ira S. Lillick, Allan E. Charles and Frank Adamson for Respondents. *399
 NOURSE, P. J.
 The case is one of statutory construction. The issue is the interpretation of section 13842 of the Revenue and Taxation Code exempting from state inheritance tax property transferred to local and foreign charitable institutions. The appeal is heard on an agreed statement.
 Josephine Bendheim died testate on June 13, 1947, a resident of Santa Clara County. Her will contained among other provisions the following: "Thirteenth: I give, devise and bequeath unto Wells Fargo Bank & Union Trust Co., two-ninths (2/9ths) of the said rest, residue and remainder of any and all property of which I may die seised or possessed, In Trust upon the following trusts and for the following purposes:"
 "To receive the income therefrom and to pay the net income therefrom monthly unto my sister Amy Steinhart Braden during her lifetime, and upon her death to distribute one-half of the corpus of said trust to the Mother Church, The First Church of Christ Scientist, Boston, to be used one-half for the Christian Science Pacific Coast Sanitarium in San Francisco, and one- half for the Pleasant View Home, Christian Science Home, in Concord, New Hampshire, ...."
 The inheritance tax appraiser found that the amount thus set aside to the home in New Hampshire was $19,106.83, allowed an exemption of $50 and charged a tax of $1,333.98. Objections to the report having been made the controversy was heard in the superior court and evidence was received showing that the Mother Church was a religious corporation organized under the laws of the State of Massachusetts, engaged in religious and charitable work only, that Massachusetts is a "reciprocal" state within the meaning of section 13842 of the California Revenue and Taxation Code; that one of such charities of the Mother Church is the Pleasant View Home located at Concord, New Hampshire, which is a corporation organized under the laws of the State of New Hampshire solely for the purpose of charitable activities under the direction of the Mother Church. The State of New Hampshire is a "non-reciprocal" state. The parties agree "that said Pleasant View Home (said New Hampshire corporation) is and was the organ or instrumentality through which said the Mother Church (said Massachusetts corporation) carries on its Pleasant View Home activities in New Hampshire; that said Pleasant View Home is, however, entirely administered by said The Mother Church, from Boston, Massachusetts, and the treasury of the fund for said Pleasant View Home is in *400 and administered from Boston by officials of said the Mother Church, the only personnel at said Pleasant View Home being its superintendent, nurses, dining room and kitchen help."
 Appended to the stipulation is a letter from the Commissioner of Corporations and Taxation of Massachusetts received in evidence without objection, stating that under similar circumstances Massachusetts would not levy a tax on a bequest of the kind here involved.
 The parties then agree: "That the sole question for decision on this appeal is whether or not the bequest to said charitable church corporation organized and existing under the laws of a reciprocal (within the meaning of section 13842 aforesaid) state, Massachusetts, for use solely by said church for one of the charitable activities thereof, to wit, a Home physically located in New Hampshire and real estate title to which is held by said Pleasant View Home, said charitable corporation organized and existing under the laws of a non-reciprocal (within the meaning of Section 13842 aforesaid) state, New Hampshire, is subject to inheritance taxation by the state of California."
 On this showing the trial court entered its order sustaining the objections and from this order the state controller prosecutes this appeal.
 The pertinent portions of section 13842 of the Revenue and Taxation Code read: "Property transferred to any ... corporation, institution ... engaged in or devoted to any charitable ... work ..., or ... in trust exclusively for or to be devoted exclusively to any charitable ... work, is exempt. ..."
 "(c) In the event that the ... corporation, institution ... is organized or existing under the laws of ... another State ... the following concurred: ... (2) The laws of the ... other State ... contained a reciprocal provision under which property transferred to a similar ... corporation, institution, ... organized or existing under the laws of another ... State ... was exempt from legacy, succession, or death taxes of every character, if the other Territory or State ... allowed a similar exemption. ..." (Emphasis ours.)
 Since it is stipulated that the transferee "Mother Church" is a corporation organized and existing under the laws of the State of Massachusetts, a "reciprocal" state, it is apparent that if the transfer had been made to that corporation without any limitation as to the use of the fund the transfer would have been exempt from the tax under the plain terms of the code. *401 Hence the real question arises whether the directions in the will as to the use of the funds in a "non-reciprocal" state defeats the exemption.
 [1] It is settled law that taxing statutes are acts in invitum and that the courts will not adopt a strained construction to impose a tax which is not a part of the legislative act. The same reasoning applies to exemptions. If the legislative act expresses an intention to exempt certain property judicial construction is not appropriate to defeat the exemption. Here the statute exempts property transferred "to" a charitable institution to be devoted exclusively to charitable activities. Hence, if the transfer here had been made to the Mother Church alone, an institution admittedly engaged exclusively in religious and charitable work, there could be no doubt that it would be exempt from the tax in this state since Massachusetts is a "reciprocal" state. But there is nothing in the statute supporting appellant's argument that the transferred fund must be used exclusively in some "reciprocal" state. The plain words of the statute relate to a transfer "to" a charitable institution in a "reciprocal" state, "to be devoted" exclusively to charitable work. It is inconceivable that the Legislature intended to impose on the taxing authorities the duty of visitation and inspection of the alien charitable institution to determine the beneficiaries of the charitable transfer.
 It is a matter of knowledge many large charitable institutions engaging in nationwide activities like the American National Red Cross, the Salvation Army, and others do not restrict their charities to any particular state or territory, but spread them to many parts of the world. A transfer to the Red Cross to aid its charitable work among those engaged in our military service in foreign countries would be manifestly a transfer "to" a charitable institution "to be devoted" to charitable work and, as such, exempt from the tax.
 There are no authorities directly in point, but the trend of the California cases is that the question of exemption from the tax is to be determined on the basis of the character of the "transferee" rather than on the basis of the character of the beneficiaries under the grant. Somewhat similar is Estate of Barter, 30 Cal.2d 549 [184 P.2d 305]. The bequest was made to the British government for the benefit of British refugee children. The British government was not eligible to act as trustee and the trial court substituted a California charitable corporation. In holding that the transfer was *402 exempt under the code section the Supreme Court said (p. 555): "Rather it would appear that it is the character of the transferee, not the character of the transfer--whether 'in trust or otherwise'--that is the first consideration under the terms of the proviso; and it is only in the event that the transferee does not so qualify in purpose and place of organization that the restriction as to 'use within this State' becomes material. Such view coincides with the principle of liberal construction of exemptions in favor of charitable organizations. (Cooley, Taxation, 4th ed., vol. 2, 673, p. 1415; Sutherland, Statutory Construction, 3d ed., Horack, vol. 3, 6702, p. 296.)" Following this statement the court said, (p. 556) after approving the act of the trial court in substituting a qualified California corporation as trustee: "Hence, in no view of its rights or of its relation to the beneficiaries of the trust does it necessarily follow that the residuary estate was transferred to the British Government, but rather such estate passed by due and proper order of the court to a charitable corporation of this state qualified to administer a charitable trust. That event exempted it from liability within the scope of the inheritance tax law."
 Following closely the Barter case, the District Court of Appeal in Estate of McIntosh, ante, p. 240 [223 P.2d 318], held a transfer to be exempt under these circumstances: A will left the residue to a charitable corporation in London, England "to be used for the rehabilitation and relief" of those suffering by reason of the war in England. The named trustee having failed financially the superior court named a local charitable corporation to act in its stead. The District Court of Appeal held that the tax was upon the privilege of succeeding to the property and that since the property went to a California corporation it was exempt from the tax. Though that judgment is not yet final the factual situation is of interest here. Other cases bearing on the general subject are Estate of Irwin, 196 Cal. 366 [237 P. 1074]; Estate of Fleming, 31 Cal.2d 514 [190 P.2d 611].
 [2] But without further discussion we may conclude that the plain meaning of the code section is to exempt from the inheritance tax property transferred "to" a charitable institution located in a "reciprocal" state without regard to the locale of the recipients of the charities in which such institution may be engaged.
 The order is affirmed.
 Dooling, J., concurred.