201 So.2d 402

STATE of Alabama

v.

UNION TANK CAR COMPANY.

3 Div. 247.

Supreme Court of Alabama.

June 22, 1967.

Rehearing Denied Aug. 17, 1967.

MacDonald Gallion, Atty. Gen., Willard Livingston and Wm. H. Burton, Asst. Attys. Gen., for appellant.

Bradley, Arant, Rose & White and John P. Adams, Birmingham, for appellee.

.SIMPSON, Justice.

The facts in this case were stipulated and are as follows: Union Tank Car Company is a New Jersey corporation and is qualified to do business in Alabama. It manufactured in Indiana two railroad cars which are the subject of the use tax assessment involved in this case. It then leased these two railroad cars to United States Steel Corporation who used the two cars in the State of Alabama and elsewhere.

· On January 22, 1965, a use tax assessment against Union Tank Car Company was made final in the amount of $630.82. The assessment made by the Department of Revenue was based upon the cost of materials used by Union Tank Car Company in manufacturing the two cars. Following the final assessment Union Tank Car Company appealed to the Circuit Court of Montgomery County under the provisions of Title 51, § 140, Code of Alabama. That court entered a final decree in favor of appellee and the State has appealed to this court.

The Circuit Court found that appellee was exempt from the payment of the use tax under the provisions of Title 51, § 789(q), which is as follows:

> "789. Exemptions—The storage, use or other consumption in this state of the following tangible personal property is hereby specifically exempted from the tax imposed by this article * *.

> · "(q) The storage, use, or consumption of railroad cars, and vessels and barges of more than 50 tons burden when purchased from the manufacturers or builders thereof."

The single issue which we must decide initially is whether the foregoing sections exempt the appellee from the payment of use tax under the facts of this case. The Circuit Court so found.

The State's contention is that the exemption is unavailable to appellee because the two cars were not "purchased from the manufacturer or builder thereof" within the language of the exemption section. The appellee's position is that it is precisely within the category of persons exempted from the imposition of use tax by the State and that the kind of property here involved is expressly exempted regardless of the fact that there has been no "purchase from a manufacturer". The appellee itself is the manufacturer.

The State contends that the word "purchased" must be given its literal meaning; that exemption sections of taxing statutes are to be strictly construed; and that in the absence of a purchase from a manufacturer or builder, the taxpayer cannot claim the benefit of the exemption.

 We think that the State's argument puts an undue emphasis on the word "purchased" and ignores the obvious intention of the legislature in granting the exemption in the first place. Our responsibility is to give effect to the legislative intention where it is manifested. Bell v. Pritchard, 273 Ala. 289, 139 So.2d 596. When approached in this fashion, it seems clear to us that the legislature intended by § 789(q) to exempt railroad cars from the payment of use taxes when there have been no dealings with respect thereto except *direct* dealings between manufacturers of railroad cars and the taxpayer. The exemption is aimed at a specific class of persons and a specific category of personal property. The State would have us ignore these provisions and look only to the transaction. We think to do so would be to adopt a mechanistic approach not warranted by the legislation itself.

The State relies upon our decision in Paramount-Richards Theatres v. State, 256 Ala. 515, 55 So.2d 812 (second appeal) where we held that Title 51, § 788 authorized a tax only where there had been a sale and that the section did not authorize the State to impose a tax on bona fide rentals. There we were construing the following language:

"§ 788. Property taxed; persons liable. —An excise tax is hereby imposed on the storage, use or other consumption in this state of tangible personal property * * * purchased at retail * * *."

In construing this language we held that the statute was intended to prevent evasions of the act where there is an actual sale of tangible personal property, and that the definition of the word "purchase" as contained in the Use Tax Act was designed to prevent camouflaging an actual sale by designating it as a lease, etc. But where there was an actual bona fide lease and no "purchase" there could be no use tax imposed.

 The State takes the position that the word "purchase" must be given the same meaning where it appears in § 789(q) and where it appears that there has been a bona fide lease (which is the case here) there can be no exemption under that section. We cannot agree. Such an interpretation is inconsistent with the obvious intention of the legislature in enacting this legislation. It would disregard the significance of the designation of a class of taxpayers and a class of property exempted by the legislature.

 In a somewhat similar case, the late Judge Walter B. Jones wrote a decree which was adopted by this court as its opinion. He, too, was called upon to construe an exemption clause in a taxing statute. There he said:

"While exemption clauses are, of course, to be construed most strongly

against the taxpayer, they are not to be so strictly construed as to defeat or destroy the intent and purpose of the enactment, and no strained construction will be given them that will effect that end, State v. Wertheimer Bag Co., 253 Ala. 124, 127, 43 So.2d 824, and it has been said that 'If the act expresses the intent to exempt certain property, judicial Construction is not appropriate to defeat the exemption.' In re Bendheim's Estate [100 Cal.App.2d 398] 223 P.2d 874." State v. Advertiser Co., 257 Ala. 423, 59 So.2d 576.

Similarly, here, we think that there is an obvious intent by the legislature to exempt certain property and a certain class of taxpayers. We think that the appellee is within this category and there is no question but that the type of property involved is expressly exempt.

The State would admit that no tax could be assessed against U. S. Steel Corporation, the lessee of these two cars. The construction given to § 788 in *Paramount-Richards,* supra, would not permit the imposition of the use tax where there has been a bona fide leasing of the property. Further, if U. S. Steel had in fact purchased these two cars at retail, within the meaning of the taxing section, it would obviously be exempt from the tax under the express provisions of § 789(q). We think the appellee here is likewise entitled to the exemption. Such an interpretation is the only one permitted which will consistently uphold the intention of the legislature in granting the exemption.

This being the view we take of this case, there is no need to write to various constitutional questions raised by the parties hereto.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.