WELCH, Judge,
dissenting.
Lanice Clifton Bonds was convicted following a guilty plea of the charge of being a school employee who engaged in a sex act with a student under the age of 19 years. § 13A-6-81, Ala.Code 1975. Bonds, a Dothan police officer, was on duty as a school-resource officer at Dothan High School when he had sex with a 16-year-old female student in his office. Bonds filed a motion to dismiss the indictment, alleging that, because he was employed by the City of Dothan as a police officer and paid by the City, he was not a “school employee” as that term is used in § 13A-6-81, Ala.Code 1975. When the trial court denied the motion to dismiss, Bonds entered a guilty plea and reserved the right to raise the issue on appeal. The majority affirms Bonds’s conviction and sentence.
The majority has correctly summarized the evidence presented at the hearing on the motion to dismiss. I agree that this case presents a question of law and that our review is de novo.
The relevant statutes are found in Chapter 6, Article 4A of the Criminal Code, “Sexual Offenses by School Employees Involving a Student.”
Section 13A-6-80, Ala.Code 1975, provides:
“For purposes of this article, school employee includes a teacher, school administrator, student teacher, safety or resource officer, coach, and other school employee.”
Section 13A-6-81 provides, in relevant part:
“(a) A person commits the crime of a school employee engaging in a sex act or deviant sexual intercourse with a student under the age of 19 years if he or she is a school employee and engages in a sex act or deviant sexual intercourse with a student, regardless of whether the student is male or female.”
After considering those provisions, the majority holds, that “a simple reading of *1277 § 13A-6-80 indicates that, because of his position as a ‘resource officer’ assigned to Dothan High School, Bonds was a ‘school employee’ under § 13A-6-81.” 205 So.3d at 1273. It is at this point, and for the reasons that follow, that the majority and I part ways.
A. All the evidence presented at the hearing established unequivocally that Bonds was an employee of the Dothan Police Department and not an employee of the Dothan Board of Education. The exhibits submitted by both parties established that school-resource officers began as employees of the Dothan Police Department and that' they remain employees of the Dothan Police Department. The police officers are assigned to the resource-officer division within the department, and they are placed in particular schools by the police chief. By the terms of the agreement between the City of Dothan and the Board of Education, resource officers remained obligated to their chain of .command at the police department and do not report to the Board, of Education or the principal of the school to which they were assigned. The testimony from witnesses confirmed that the foregoing principles as provided in the documents were applied in practice.
Bonds’s assignment as a resource officer to Dothan High School did not somehow convert him from an employee of the police department into a school employee. Without that conversion, which is not supported by a plain reading of the statute, there is no basis for affirming the conviction.
The majority appears to have adopted the line of reasoning propounded by the prosecutor at the hearing on Bonds’s motion to dismiss, which, was, essentially, that § 13A-6-80 provides that any resource officer performing his or her duties at a school necessarily is a school employee. This argument ignores the plain meaning of the words in the statute, which limit the scope of the statute to school employees. Section 13A-6-80 gives examples of the categories of school employees who are governed by the statutes, including coaches, teachers, resource officers, and other employees of the school. Section 16-1-44.1(a), Ala.Code 1975, provides: “A local board of education may employ persons as school security personnel or contract with a local chief of police or sheriff to employ school resource officers.” Thus, a resource officer employed by the school would be considered a school employee. However, the testimony and documents here established that the Dothan Board of Education did not hire Bonds or any .of its resource officers; rather, the Board contracted with the City of Dothan for officers: “The Dothan Police Department shall furnish law enforcement officers employed by the Department to serve as Police School Resource Officers assigned to public schools in the City of Dothan School District.” (C. 77.) Bonds was always an employee of the police department, and his assignment to serve as a resource officer at the high school did not change his status as an employee of the police department.
Nonetheless, the majority states that the nonexhaustive list of employee positions set out in § 13A-6-80 includes positions that “might not meet a traditional test for employment because, depending on the circumstances, those positions might be volunteer, unpaid, or ultimately not controlled by a particular school’s administration.” 205 So.3d at 1274. Therefore, the majority continues, -the term, “school employee” “is not limited to those persons who meet a traditional, technical definition of employment by a school’s administration, such as the definition Bonds urges upon this Court.” 205 So.3d at 1274. *1278 In its analysis on this point, the majority has strayed far afield from what it acknowledges is the obligation of this Court — to look to the plain meaning of the words in a statute.
When it examines the plain meaning of the words of the statute in the initial portion of its analysis, the majority concludes that “a simple reading of § 13A-6-80 indicates that, because of his position as a ‘resource officer’ assigned to Dothan High School, Bonds was a ‘school employee’ under § 13A-6-81,” 205 So.3d at 1273 (emphasis added). The majority goes beyond the simple reading of the plain language of the statute and construes the statute in light of the facts of this case. It is in this unnecessary and impermissible judicial construction that the majority concludes that, when the Alabama Legislature used the term, “school employee,” it did not intend to limit the scope of the statute to those who meet the traditional definition of employment. In that passage, alone, the majority acknowledges that employment has a traditional, i.e., plain, meaning, and then it expands the meaning to such a point that it allows virtually anyone to be placed under the umbrella of school employment, including persons over whom a school’s administration has no authority whatsoever. Not only has the majority needlessly defined a term that already has a plain and ordinary meaning, but also the definition it crafts is unreasonable.
If the legislature had intended to include, among others, volunteers and those persons over whom the school had no authority within the purview of the statute defining school employees, it could have included express language to that effect, but it did not.
“It is this Court’s responsibility to give effect to the legislative intent whenever that intent is manifested. State v. Union Tank Car Co., 281 Ala. 246, 248, 201 So.2d 402, 403 (1967). When interpreting a statute, this Court must read the statute as a whole because statutory language depends on context; we will presume that the Legislature knew the meaning of the words it used when it enacted the statute. Ex parte Jackson, 614 So.2d 405, 406-07 (Ala.1993). Additionally, when a term is not defined in a statute, the commonly accepted definition of the term should be applied. Republic Steel Corp. v. Horn, 268 Ala. 279, 281, 105 So.2d 446, 447 (1958). Furthermore, we must give the words in a statute their plain, ordinary, and commonly understood meaning, and where plain language is used we must interpret it to mean exactly what it says. Ex parte Shelby County Health Care Auth., 850 So.2d 332 (Ala.2002).”
Bean Dredging, L.L.C. v. Alabama Dep’t of Revenue, 855 So.2d 513, 517 (Ala.2003).
The majority acts beyond its authority when it reads such language into the statute.
B. The majority fails to give effect to the express limitation in the statute of the persons subject to its prohibition when it states that Bonds’s interpretation of the statute would thwart the purpose of the statute because, it says, “[a]t a minimum, § 13A-6-81 seeks to prevent those persons holding positions of authority or influence at a school from having sex with students.” 205 So.3d at 1275. Once again, after stating that the words of the statute have a plain meaning, the majority then expands the meaning of the term, “school employee” so broadly that it introduces a level of vagueness that does not exist in the plain and ordinary words of the statute. Although the majority does not define “positions of authority or influence,” it concludes that Bonds was such a person because, it says, he “had been a resource officer at multiple schools. He wore his *1279 police uniform to his job at the school and worked at special school events. He even had an office at the school_” 205 So.3d 1275. Although each of those statements is true, they do not somehow converge in such a way, as to indicate that Bonds, an employee of the Dothan Police Department, became an employee of the school. More importantly, the plain words in this statute demonstrate that the Alabama Legislature intended to punish school employees who engage in sexual conduct with students. That purpose is not thwarted when someone who is not a school employee is not prosecuted under the statute.
C. “Because the meaning of statutory language depends on context, a statute is to be read as a whole.” Ex parte Jackson, 614 So.2d 405, 406 (Ala.1993). However, the majority fails to acknowledge or discuss the final subsection of the statute, § 13A-6-83, Ala.Code 1975, which provides:
“A school employee charged with the crime of engaging in a sex act or deviant sexual intercourse with a student or the crime of having sexual contact with a student may be placed on paid administrative leave while the charge is adjudicated. Upon the adjudication of the charge, further disciplinary action may be taken in accordance with the Teacher Tenure Act, Chapter 24 of Title 16, the Teacher Accountability Act, Chapter 24B of Title 16, or the Fair Dismissal Act, Article 4 of Chapter 26 of Title 36, whichever is applicable.”
Disciplinary actions following a charge against a school employee for committing a sex act with a student are governed by school-board policies and by statutes. Here, the police department conducted the investigation of the allegations that Bonds engaged in a sex act with the student, the police department escorted him to his house so that he-could retrieve his police-issued equipment and return it to the department, and he was relieved of this departmental duties. If Bonds had been a school employee, he would have been subject to the procedures in § 13A-6-83 instead. Bonds was not disciplined or dismissed by the Board of Education because he was not a school employee.
In summary, under the plain meaning of the statute, Bonds was not a school employee. He should not have been prosecuted under this statute, and the trial court erred when it denied his motion to dismiss. As a result, his conviction should be reversed. Therefore, I dissent.